**In re Michael LINDSEY, Petitioner.**

No. 89–7237.

United States Court of Appeals,
Eleventh Circuit.

April 10, 1989.

Louis E. Braswell, David A. Bagwell, Mobile, Ala., for petitioner.

John Gibbs, Asst. Atty. Gen., William Whatley, Montgomery, Ala., for respondent.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

BY THE COURT:

Michael Lindsey, convicted of murder and sentenced to death, seeks a writ of mandamus directing the district court to appoint him an attorney with at least three years' experience in handling felony appeals. We conclude that mandamus is inappropriate, because the district court was without jurisdiction to entertain Lindsey's motion for the appointment of new counsel.

## I. PROCEDURAL POSTURE

On June 6, 1985, Lindsey filed in the district court a petition for a writ of habeas corpus, an application for leave to proceed in forma pauperis ("IFP"), an application for a stay of execution (which was then scheduled for June 7, 1985), and a petition for appointment of counsel pursuant to 18 U.S.C. § 3006A. The petition was assigned case number CA 85–0775. On June 7, 1985, the district court granted leave to proceed IFP, stayed the scheduled execution, and appointed Louis E. Braswell and David A. Bagwell to serve as Lindsey's counsel. Notwithstanding its grant of interim relief, however, the district court denied habeas corpus on March 3, 1986. On March 10, 1986, the court denied petitioner's post-judgment motion for a certificate of probable cause to appeal but granted his motion to proceed IFP in this court.

On March 11, 1986, Lindsey docketed his appeal by filing an application for a certificate of probable cause to appeal the district court's denial of his petition for a writ of habeas corpus. We granted the application and set the case for oral argument. On June 12, 1987, we issued an opinion affirming the district court's judgment; on August 18, 1987, we denied rehearing. *Lindsey v. Smith*, 820 F.2d 1137, *reh'g denied*, 828 F.2d 775 (11th Cir.1987). Nevertheless, on September 4, 1987, we granted Lindsey's motion to withhold our mandate pending the United States Supreme Court's disposition of his petition for a writ of certiorari.

The Supreme Court denied Lindsey's petition for certiorari on February 27, 1989. *Lindsey v. Smith*, —— U.S. ——, 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989). Accordingly, per our September 4, 1987 order, the mandate of this court affirming the district court's denial of habeas corpus in case number CA 85–0775 issued on March 2, 1989. Thereafter, the Attorney General of Alabama sought and obtained from the Su-

preme Court of that State an order setting a new date for Lindsey's execution, which is now scheduled for May 26, 1989.

On March 8, 1989, Lindsey, through Braswell and Bagwell, filed in the district court a new motion in case number CA 85-0775. The motion, which is styled a "MOTION FOR STAY OF EXECUTION AND FOR APPOINTMENT OF COUN-SEL," urged the court to appoint new counsel for Lindsey and to stay his scheduled execution so that such newly appointed counsel might seek further post-conviction relief. The motion relies upon Section 408(q), 21 U.S.C. 848 of the Controlled Substance Act as amended by Section 7001(b) of the Anti–Drug Abuse Act of 1988, Pub. L. No. 100–690, 102 Stat. 4181, 4393–94 (1989), which provides that death-sentenced inmates who challenge their convictions or sentences pursuant either to section 2254 or to section 2255 of Title 28 of the United States Code are entitled to court-appointed counsel having certain minimum qualifications. The motion asserts that, under section 848(q)(6), Lindsey is entitled to "at least one attorney ... admitted to practice in the court of appeals for not less than five years, and [having] not less than three years experience in the handling of appeals in that court in felony cases" and avers that neither Braswell nor Bagwell has such experience.

On March 24, 1989, the district court denied the motion. The court concluded that the appointment of Braswell and Bagwell should stand, relying on section 848(q)(7), which provides that:

> [T]he court, for good cause, may appoint *another attorney* whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

21 U.S.C. § 848(q)(7) (West Supp.1989) (emphasis added). In the eyes of the district court, Braswell and Bagwell possess sufficiently broad professional experience and familiarity with this case to come within this language, which the court read as an exception to the requirement of section 848(q)(6). This petition for a writ of mandamus followed.

## II. DISCUSSION

Petitioner argues that the district court erred by refusing to appoint new counsel. Basically, the argument is that, as used in subsection (q)(7), the term "another attorney" means an attorney in *addition* to that provided for in subsection (q)(6)—not (as the district court concluded) an attorney to be appointed *instead* of that provided for in subsection (q)(6). In petitioner's view, subsection (q)(7) does nothing to alter the absolute requirement of subsection (q)(6) that one of the defendant's lawyers have three years' experience in felony appeals.

We need not resolve this question, because the district court had no pending case before it when it entered the March 24, 1989 order denying Lindsey's application for appointment of new counsel. The issuance of our mandate on March 2, 1989 terminated the proceedings in case number CA 85–0775. Only after Lindsey files a new petition for a writ of habeas corpus under 28 U.S.C. § 2254, one which complies with the district court's local rules governing such petitions, will the district court have authority to appoint new counsel in accordance with section 848(q).[1]

Accordingly, the petition for a writ of mandamus is DENIED.

---

1. On April 5, 1989, while this petition was pending, the district court recognized that it was without authority to entertain Lindsey's request for counsel insofar as that request was filed in the context of case number CA 85–0775. Thus, the court entered an order stating that all papers filed in case number CA 85–0775 after March 2, 1989 are to be treated as a new petition for habeas corpus, case number CA 89–0253–CB–M. The court determined, however, to defer consideration of the merits of the new petition until Lindsey complies with the district court's standing order governing procedural matters in habeas cases.