**In re Michael LINDSEY, Petitioner.**

No. 89–7312.

United States Court of Appeals,
Eleventh Circuit.

May 1, 1989.

Louis E. Braswell, David A. Bagwell, Mobile, Ala., for petitioner.

Ed Carnes, Asst. Atty. Gen., Montgomery, Ala., for respondent.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

BY THE COURT:

Michael Lindsey, convicted of murder and sentenced to death, seeks a writ of

mandamus directing the district court to appoint for his representation in Alabama collateral-review proceedings an attorney with three years' experience handling felony appeals and a psychiatrist. We deny the petition.

## I. PROCEDURAL POSTURE

On June 6, 1985, Lindsey filed his first petition for a writ of habeas corpus (CA 85–0775), an application for leave to proceed in forma pauperis ("IFP"), a motion for a stay of execution (which was then scheduled for June 7, 1985), and a motion for appointment of counsel under 18 U.S.C. § 3006A.

On June 7, 1985, the district court granted leave to proceed IFP, stayed the scheduled execution, and appointed Louis E. Braswell and David A. Bagwell to serve as counsel. Notwithstanding its grant of interim relief, however, the district court denied Lindsey's petition for habeas corpus on March 3, 1986. On March 10, 1986, the court denied his application for a certificate of probable cause to appeal ("CPC") but granted his motion to proceed IFP in this court.

On March 11, 1986, Lindsey docketed his appeal from the denial of habeas in CA 85–0775 by applying to this court for CPC. We granted the application and set the case for oral argument. On June 12, 1987, we issued an opinion affirming the district court's judgment; on August 18, 1987, we denied rehearing. *Lindsey v. Smith*, 820 F.2d 1137 (11th Cir.), *reh'g denied*, 828 F.2d 775 (11th Cir.1987). Nevertheless, on September 4, 1987, we granted Lindsey's motion to withhold our mandate pending the United States Supreme Court's disposition of his petition for certiorari.

The Court denied Lindsey's petition for certiorari on February 27, 1989 and denied rehearing on April 17, 1989. *Lindsey v. Smith*, —— U.S. ——, 109 S.Ct. 1327, 103 L.Ed.2d 595 *reh'g denied*, —— U.S. ——, 109 S.Ct. 1771, 104 L.Ed.2d 206 (1989). Per our September 4, 1987 order, our mandate affirming the denial of habeas corpus in CA 85–0775 issued on March 2, 1989. Thereafter, the Attorney General of Alabama sought and obtained from the Supreme Court of that State an order setting a new date for Lindsey's execution, which now is scheduled for May 26, 1989.

On March 8, 1989, Lindsey, through Braswell and Bagwell, filed in the district court a new motion in CA 85–0775. The motion, which was styled a "MOTION FOR STAY OF EXECUTION AND FOR APPOINTMENT OF COUNSEL," urged the court to appoint new counsel pursuant to the newly enacted 21 U.S.C. § 848(q).[1] The

---

1. Section 7001(b) of the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 7001(b), 102 Stat. 4181, 4393–94 (1989), amended Section 408 of the Controlled Substances Act, 21 U.S.C. § 848, by adding, *inter alia* a new subsection (q), which provides, in pertinent part:

    (4) ...

    (B) In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

    (5) If the appointment is made before judgment, at least one attorney so appointed must have been admitted to practice in the court in which the prosecution is to be tried for not less than five years, and must have had not less than three years experience in the actual trial of felony prosecutions in that court.

    (6) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

    (7) With respect to paragraphs (5) and (6), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

    (8) Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications, [sic] for writ of certiorari to the Supreme Court of the United States, and all available post-convic-

motion argued that subsections 848(q)(4)(B) and 848(q)(6) entitle Lindsey to the appointment of "at least one attorney ... admitted to practice in the court of appeals for not less than five years, and [having] not less than three years experience in the handling of appeals in that court in felony cases." The motion averred Braswell and Bagwell lack such experience. Lindsey also moved for a stay of execution so that new counsel would have time to seek further relief.

On March 24, 1989, the district court denied the motion, holding that, although neither Braswell nor Bagwell has three years' experience handling felony appeals, their appointments should stand under subsection 848(q)(7), which provides:

> [T]he court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

21 U.S.C.A. § 848(q)(7) (West Supp.1989). The court found that Braswell and Bagwell have sufficient professional experience, particularly when coupled with their familiarity with Lindsey's case, to represent him properly.

On March 30, 1989, Lindsey asked this court for a writ of mandamus directing the district court to appoint new counsel. On April 10, 1989, we denied the petition, holding that "the district court had no pending case before it when it entered the March 24, 1989 order denying Lindsey's application for appointment of new counsel" and that "[o]nly after Lindsey file[d] a new petition for a writ of habeas corpus under 28 U.S.C. § 2254, one which complie[d] with the district court's local rules governing such petitions, [would] the district court have authority to appoint new counsel" under 21 U.S.C. § 848(q). *In re Lindsey,* 875 F.2d 1518 (11th Cir.1989) (per curiam).

On April 5, 1989, while Lindsey's first petition for mandamus was pending in this court, the district court entered an order recognizing that CA 85–0775 terminated when this court's mandate issued and that the district court was without authority to entertain Lindsey's March 8, 1989 request for counsel, unless the court treated the papers accompanying the request as a new petition for habeas corpus. The court decided so to treat those papers and assigned the new petition case number CA 89–0253–CB–M. The court read the second petition to allege that Lindsey currently is insane and that, under the reasoning of *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), execution of Lindsey would violate the eighth amendment's prohibition of cruel and unusual punishment. The court read Lindsey's filings also to include a motion for a stay of execution, a motion for appointment of a psychiatrist, and a renewed motion for appointment of new counsel or, in the alternative, a motion for instructions to Braswell and Bagwell regarding the scope of their appointments and their responsibilities with respect to state competency and clemency proceedings.

On April 12, 1989, two days after we denied Lindsey's first petition for mandamus, the district court denied habeas relief in CA 89–0253–CB–M, on the ground that Lindsey had failed to exhaust all available state remedies for his *Ford* claim. The court also denied Lindsey's motion for appointment of a psychiatrist, holding that Lindsey had failed to show that the servic-

tion process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

(9) Upon a finding in ex parte proceedings that investigative, expert or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or sentence, the court shall authorize the defendant's attorneys to obtain such services on behalf of the defendant and shall order the payment of fees and expenses therefore, under paragraph (10). Upon a finding that timely procurement of such services could not practicably await prior authorization, the court may authorize the provision of and payment for such services nunc pro tunc.

21 U.S.C.A. § 848(q) (West Supp.1989).

es of such a psychiatrist are reasonably necessary to present his case.[2] In a separate order, also dated April 12, 1989, the court denied the renewed motion for appointment of new counsel and reappointed Braswell and Bagwell pursuant to the Criminal Justice Act, as amended, 18 U.S.C. § 3006A and the Controlled Substances Act, as amended, 21 U.S.C. § 848(q)(7).

On April 13, 1989, Lindsey filed a notice of appeal and an application for CPC in the district court. The district court denied CPC on the same day, and, on April 18, 1989, Lindsey applied to this court for CPC. He also moved to expedite the appeal and to stay his scheduled execution. By a separate order, also entered today, we denied CPC. *See Lindsey v. Thigpen*, 875 F.2d 1518 (11th Cir.1989).

On April 19, while his application for CPC was pending, Lindsey filed this, his second, petition for mandamus. He seeks an order directing the district court to appoint for his representation in *state* collateral-review proceedings both a lawyer with three years' experience handling felony appeals and a psychiatrist. We deny the petition.

## II. DISCUSSION

We emphasize that the petition for mandamus neither challenges the district court's denial of habeas relief nor argues that the district court's failure to give Lindsey a new lawyer and/or a psychiatrist impaired his ability to demonstrate that he has exhausted all available state remedies. The petition contests only the district court's refusal to appoint a psychiatrist and a lawyer with three years' experience handling felony appeals to assist Lindsey in his pursuit of state-court remedies for his unexhausted *Ford* claim. We find merit neither in Lindsey's argument under 21

U.S.C. § 848(q) nor in that under 18 U.S.C. § 3006A.

### A. *Assistance Under 21 U.S.C. § 848*

Subsection 848(q)(4)(B) of Title 21 provides that "[i]n any post conviction proceeding under section 2254 ... seeking to vacate or set aside a death sentence, any defendant who is ... financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services" in accordance with subsections 848(q)(5)—(q)(9). 21 U.S.C.A. § 848(q)(4)(B) (West Supp. 1989). Subsection 848(q)(9) authorizes appointment of experts "[u]pon a finding ... that ... expert ... services are reasonably necessary for the representation of the defendant...." *Id.* at § 848(q)(9). Subsection 848(q)(8) provides that, "[u]nless replaced by similarly qualified counsel ..., each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings ... and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." *Id.* at § 848(q)(8).

Lindsey contends that, taken together, these subsections entitle him to the appointment of a lawyer and expert to assist in his pursuit of *state-court* remedies for his *Ford* claim. Acceptance of that contention, however, would require us to assume two crucial points upon which Lindsey has offered no argument. First, we would have to assume that Lindsey's rights under section 848 attached when the district court decided to treat his post-March 2 filings as a second petition for habeas corpus—even though, under 28 U.S.C. § 2254(b), the district court was without authority to grant

---

**2.** The district court stated:

Based upon the showing made by the petitioner in this case, the Court does not find that expert services for psychiatric evaluation are reasonably necessary. As the sole grounds [sic] for this motion the petitioner filed an affidavit stating that he has had and continues to have "mental problems." Furthermore, in

response to this motion the State filed the prison medical records of the petitioner. Those records indicate that the petitioner is visited monthly by both a psychiatrist and a psychologist and that neither has noted any significant mental problems.

*Lindsey v. Thigpen*, No. 89–0253–CB–M, mem. op. at 2–3 (S.D.Ala. Apr. 12, 1989).

relief upon that petition, as it presented only an unexhausted claim. Second, we would have to assume that, as employed in subsection 848(q)(8), the terms "subsequent stage[s] of available judicial proceedings" and "competency proceedings and proceedings for executive or other clemency" encompass within their meanings proceedings before instrumentalities of the States. We reject both assumptions.

### 1. Proceedings Under Section 2254

■ The plain language of subsection 848(q)(4)(B) provides that a death-sentenced inmate is entitled to the assistance of a federally appointed attorney and a federally appointed psychiatrist "[i]n any post conviction proceeding under 2254...." In turn, section 2254 provides, in part:

> (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

28 U.S.C.A. § 2254(b) (West 1985). The question presented by Lindsey's argument is whether, in the meaning of subsection 848(q)(4)(B), one may be said to be "proceeding under section 2254" with respect to a claim for which he has not exhausted all available state remedies. We think not.

The words "proceeding under section 2254" must be read to comprehend all of section 2254—especially the exhaustion requirement of subsection 2254(b). Although the exhaustion requirement is not jurisdictional, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct.2052, 80 L.Ed.2d 674 (1984), and can be waived by the State, *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), the Supreme Court has held that the requirement is so important that even a mixed petition, one containing both exhausted and unexhausted claims, must be dismissed—leaving the petitioner with the choice between returning to state court to exhaust all his claims and amending the petition to delete the unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, the district court was barred from granting Lindsey's petition, absent a waiver of exhaustion by the state. *Lindsey v. Thigpen*, 875 F.2d 1518 (11th Cir.1989). We conclude, therefore, that Lindsey has not yet initiated a "proceeding under section 2254" as that term is used in subsection 848(q)(4)(B) and that, consequently, his rights to the assistance of a federally appointed lawyer and a federally appointed expert under 21 U.S.C. § 848(q) have not attached.

### 2. State–Court Proceedings

■ Even if we were to assume *arguendo* that Lindsey's rights under subsection 848(q) were triggered by the district court's decision to treat his March 8 filings as a new petition for habeas corpus, we still would deny Lindsey's petition for mandamus, as we cannot agree that the terms "subsequent stage[s] of available judicial proceedings" and "competency proceedings and proceedings for executive or other clemency," as used in subsection 848(q)(8), encompass within their meanings any proceedings convened under the authority of a State.

■ Acceptance of Lindsey's view of a state prisoner's rights under subsection 848(q) would have the practical effect of supplanting state-court systems for the appointment of counsel in collateral review cases. Adherence to petitioner's view would encourage state prisoners to ignore, as Lindsey has here, the proper sequence, developed from concerns for federalism, for seeking collateral relief from state-court judgments in death-penalty cases. Like Lindsey, other state inmates, for no reason other than to gain the assistance of federally appointed counsel and experts throughout all stages of collateral review (both state and federal), would ignore the exhaustion requirement and, before seeking state remedies, futilely file for federal habeas relief. Only after procuring a federally appointed lawyer would state in-

mates have an incentive to set upon the right track in pursuit of state remedies. If Congress had intended so novel a result, we think it would have stated so in unmistakable terms, for example, by expressly providing for the appointment of counsel at federal expense for all inmates seeking collateral review of death sentences, regardless of whether such review was sought in state or federal court. Because Congress did not so state, we conclude that, unless and until he returns to federal court with a petition for habeas corpus setting forth only claims for which he has exhausted all state remedies, Lindsey has no entitlement under 21 U.S.C. § 848(q) to a federally-appointed lawyer[3] or to a federally-appointed psychiatrist.[4]

## B. *Assistance under 18 U.S.C. § 3006A*

The district court originally appointed Braswell and Bagwell pursuant to 18 U.S.C. § 3006A, which authorizes the district courts to appoint counsel at federal expense on collateral review for a state prisoner who "is seeking relief under section ... 2254 ... of title 28." 18 U.S.C.A. § 3006A(a)(2)(B) (West Supp.1989). Section 3006A also provides that such representation shall continue through "every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings," *id.* at § 3006A(c), and that counsel so appointed may request and receive authorization to obtain "necessary" expert services. *Id.* at § 3006A(e)(1). We conclude, however, that this section no more entitles Lindsey to the assistance of a federally-appointed lawyer and psychiatrist in search of state-court remedies that does section 848, because, while in state court, Lindsey will

---

3. Even if we agreed with Lindsey that § 848(q) entitles death-sentenced inmates to the assistance of federally-funded counsel in their pursuit of state-court collateral relief, we would not direct the district court to appoint someone other than Braswell and Bagwell to represent Lindsey.

   As noted *supra* at pages 1504–05, the district court's April 13, 1989 order relied—as had its March 24, 1989 order—on the new subsection 848(q)(7), which provides that "the court, for good cause, may appoint *another attorney* whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 21 U.S.C.A. § 848(q)(7) (West Supp. 1989). The district court concluded that, although neither Braswell nor Bagwell has three years' experience handling felony appeals, they possess the necessary legal skills and familiarity with this case to provide Lindsey with effective representation. *Lindsey v. Thigpen,* No. 89–0253–CB–M, mem. op. at 3 (S.D.Ala. Apr. 12, 1989).

   Lindsey asserts that the district court erred by construing subsection 848(q)(7) to provide an exception to the requirement of three years' experience handling felony appeals. He contends that, by the words "another attorney," Congress meant that the court may appoint another attorney *in addition to* the one required by subsection 848(q)(6) to have three years' appellate experience. In short, Lindsey argues that subsection (q)(7) does nothing to alter the absolute requirement of the subsection (q)(6) that one of the defendant's lawyers have three years' experience handling felony appeals.

   We reject Lindsey's reading of subsection 848(q)(7) and conclude that that subsection permits the appointment of counsel with less than three years' appellate experience. The use of the words "another attorney" suggests that the court may appoint an attorney *in lieu of* one meeting the statutory requirements, rather than an attorney in addition to one meeting the standards. The legislative history of the statute supports this interpretation, as the proponent of this provision explained on the floor of the House of Representatives that subsection 848(q)(7) was intended to "creat[e] a small opening for the court to use its discretion and waive the experience requirements set out in [subsection 848(q)(6)]." 134 Cong.Rec. H7284, H7285 (daily ed. Sept. 8, 1988) (statement of Rep. Conyers). Consequently, we do not think that, had Lindsey been entitled to appointment of counsel under 21 U.S.C. § 848(q), the district court would have abused the discretion granted it by subsection 848(q)(7) by re-appointing Braswell and Bagwell.

4. Even if we agreed that § 848(q) authorizes appointment of federally-funded psychiatrists to assist death-sentenced inmates in their *state*-court pursuit of unexhausted claims, Lindsey has failed to show that the district court's denial of his request to appoint a psychiatrist in this case was an abuse of discretion. Here, the district court found that Lindsey failed to make a threshold showing of mental deficiency sufficient to support a finding that appointment of a psychiatrist is "reasonably necessary." *See supra* n. 2. Lindsey has done nothing to show this court that the district court's finding is clearly erroneous.

be neither "seeking relief under" section 2254 nor pursuing "ancillary matters" as those terms are used in section 3006A.

### 1. Seeking Relief Under Section 2254

We decline to read the words "seeking relief under section ... 2254" so broadly as to encompass state collateral-review proceedings. Although federal habeas petitioners must exhaust all available state remedies as a prerequisite to obtaining federal habeas relief, that requirement is based in principles of federalism that belie the notion that an inmate pursuant state collateral review "is seeking relief under section ... 2254." To hold otherwise would be to relegate state-court collateral proceedings to the status of meaningless procedural hurdles placed in the path to a *federal* writ of habeas corpus. Although we agree with the district court's implicit holding that Lindsey was "seeking relief under section ... 2254" and, therefore, eligible for discretionary assistance under 18 U.S.C. § 3006A(a)(2)(B) while contesting the exhaustion issue before the district court and while requesting CPC from this court, his search for relief under section 2254 necessarily will remain confined to the federal courts.

### 2. Ancillary Matters

■ Neither are state collateral-review proceedings matters which are "ancillary," within the meaning of subsection 3006A(c), to any proceeding in which Lindsey was "seeking relief under section ... 2254." The legislative history of subsection 3006A(c) suggests that "ancillary matters" are limited to proceedings comprehended within the action for which the appointment was made. Thus, the House Report accompanying Pub.L. 91–447, the bill which extended representation under section 3006A to include "ancillary matters," stated:

> [Subsection (c)] would not only provide for appointed counsel at every stage of the trial from initial appearance through appeal, but also for "ancillary matters appropriate to the proceedings." This provision is necessary to insure that the rights of the person are fully protected.

> Many times remedies technically outside the scope of the trial proper may be necessary, such as using a habeas corpus ad testificandum to secure the presence or testimony of witnesses, or filing an application under 18 U.S.C. 4244 regarding competency to stand trial.... [T]he express inclusion of "ancillary matters appropriate to the proceedings" will insure that the attorney who spends time and effort to protect a right considered valuable in defending the principal criminal charge can be compensated under the act.

H.R.Rep. No. 1546, 91st Cong., 2d Sess., *reprinted in,* 1970 U.S.Code Cong. & Admin.News 3982, 3989. Unlike the trial-related examples enumerated in the House Report, the proceedings for which Lindsey seeks assistance are not procedural mechanisms employed within the context of a federal action to insure the protection of a person's rights in that action. Because those proceedings will be convened under the authority of the State of Alabama, we conclude that they are not "ancillary matters" to which section 3006A extends the right to a federally-appointed lawyer and/or psychiatrist.

### C. *Conclusion*

We do not suggest that indigent prisoners pursuing state-court collateral review should not be afforded the assistance of counsel and whatever experts are reasonably necessary to facilitate a full and fair hearing of their claims in state court. As the Supreme Court held in *Ford,* itself, the failure of state courts to provide such assistance sometimes would deprive their findings of the deference they would otherwise be due from federal courts in subsequent habeas proceedings. *See Ford,* 106 S.Ct. at 2604–06 (1986) (Marshall, J.) (plurality); *id.,* 106 S.Ct. at 2609–11 (Powell, J., concurring); *id.,* 106 S.Ct. at 2612–13 (O'Connor, J., concurring in part and dissenting in part). Neither do we suggest that the Congress could not, if it chose, fund lawyers and experts to assist state prisoners in the pursuit of state-court collateral review. We hold only that neither the language of 21 U.S.C. § 848(q) nor that

of 18 U.S.C. § 3006A evinces an intent to provide such funding.

Accordingly, the petition for a writ of mandamus is DENIED.