**Jeffrey Stuart DICKS, Petitioner,**

**Larry D. Woods, Attorney–Appellant,**

v.

**Michael DUTTON, Warden, Respondent–Appellee.**

No. 91–6147.

United States Court of Appeals, Sixth Circuit.

Submitted June 11, 1992.

Decided July 9, 1992.

month, well above the statutory minimum amount.

Larry D. Woods (briefed), Woods & Venick, Nashville, Tenn., pro se.

Charles W. Burson, Atty. Gen., Charles A. Daughtrey, Asst. Atty. Gen. (briefed), Nashville, Tenn., for respondent-appellee.

Before: KENNEDY and NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge.

LIVELY, Senior Circuit Judge.

Appellant Larry D. Woods appeals from the district court's order denying his request for attorney fees pursuant to 18 U.S.C. § 3006A(d) and the Anti–Drug Abuse Act, 21 U.S.C. § 848(q). The issue currently before this court is whether the district court abused its discretion in denying Woods' petition. Because we cannot decide the issue based on the record before us, we remand to the district court for further factual determinations.

## I.

The Anti–Drug Abuse Act allows indigent defendants with a death penalty sentence to obtain court-appointed counsel to assist in their post-conviction appeals. 21 U.S.C. § 848(q)(4)(B). Compensation for an attorney's services under the statute is governed by the discretion of the court. See 21 U.S.C. § 848(q)(10).[1]

Attorney Woods agreed to serve as court-appointed counsel for Jeffrey Stuart Dicks to challenge the validity of Dicks' death penalty sentence. Woods filed a habeas corpus petition on behalf of Dicks with the United States District Court for

---

1. 21 U.S.C. § 848(q)(10) reads in pertinent part: "... the court shall fix the compensation to be paid to attorneys appointed under this subsection ... at such rates or amounts as the court determines to be reasonably necessary ..."

the Middle District of Tennessee on February 14, 1985. After the case was transferred to the Eastern District of Tennessee, the Tennessee Attorney General's office, representing the respondent, moved to dismiss the habeas petition. The attorney general argued that Dicks had not exhausted all his state court remedies prior to seeking habeas relief. 28 U.S.C. § 2254(b).

The district court agreed with the respondent and dismissed the habeas petition on June 18, 1989. Dicks, via attorney Woods, appealed to this court. We vacated the judgment of the district court and remanded for further proceedings. We found that although Dicks' unexhausted state claim, namely ineffective assistance of counsel by post-conviction counsel, was not exhausted at the time the habeas petition was filed in the district court, it was exhausted when the district court dismissed the petition. *Dicks v. Dutton,* 899 F.2d 14 (6th Cir.1990) (Table).

Several months later, Dicks, again through Woods, filed a "Notice of Nonsuit and Dismissal" in the district court, ostensibly to pursue possible state law remedies. An affidavit filed by Dicks explained that he never wanted Woods to pursue the initial appeal to this court. Soon thereafter, Woods filed a motion to withdraw from future representation of Dicks and also filed the motion for attorney fees that is the subject of this appeal. Woods seeks a total of $23,920 in fees, plus an additional $25.99 in expenses.

In denying Woods' motion for attorney fees, the district court stated that "it is apparent that Mr. Woods was well aware that there was a pending post-conviction petition filed" in state court. The court admonished Woods for "maintaining an inconsistent position even to the point of an appeal to the Sixth Circuit, wherein he has repeatedly denied the existence of a pending state court post-conviction proceeding." Moreover, the lower court believed Woods was more interested in recovering attorney fees than in assisting his client.

## II.

All parties agree that Woods meets the statutory requirements to represent Dicks in post-conviction appeals. The sole issue before this court is whether the district court abused its discretion in awarding no attorney fees to Woods.

### A.

In his response opposing the request for an allowance of attorney fees Dutton did not question the number of hours claimed by Woods or the hourly rate used to compute the fee. Instead, Dutton argued that Woods had failed to advise the district court at the time the original habeas case was heard that there was a pending state court proceeding that made further pursuit of relief in federal court inappropriate. The respondent also asserted that Woods had failed to advise this court on the appeal from dismissal of the habeas petition of the pendency of "inconsistent" state court proceedings. Woods filed a reply in which he disputed the charge that he was involved in state court proceedings that made his efforts to obtain habeas relief for Dicks in federal court improper or "inconsistent."

As noted, the district court accepted Dutton's version of the facts, though disputed in material aspects by Woods' reply. In its order denying the motion for an allowance of attorney fees the district court also denied Woods' motion for a hearing.

### B.

The parties repeat and expand upon their arguments in the district court.

#### (1)

Woods asserts that he signed and filed the motion and notice of voluntary nonsuit on June 7, 1990 on behalf of his client, Jeffrey Dicks, very reluctantly and only after vehemently advising against it. Woods questions the legitimacy of Dicks' affidavit in which Dicks denies that he ever wanted to file an appeal with the Sixth Circuit Court of Appeals. Woods contends that at the time of the appeal, Dicks wanted the appeal, and currently denies it only because of faulty advice from "other attorneys." Woods asserts that Dicks even as-

sisted in the preparation of the successful appeal, at no time objecting to the actions of Woods. Woods also urges this court to consider that Dicks presently has an interest in claiming he did not desire the earlier appeal.[2]

Woods argues that the district court erred in finding that he was aware of pending post-conviction state court proceedings. Woods maintains that he never represented Dicks in such matters. Also, Woods argues that the district court offered no factual evidence that he intended to "build and recover attorney's fees" rather than pursue the best interests of his client.

### (2)

Dutton argues that the petitioner, via Attorney Woods, failed to exhaust all his state law claims before proceeding to federal court. He contends that Congress intended to provide compensation to attorneys only in those cases in which the petition raised valid claims, citing *In re Lindsey*, 875 F.2d 1502 (11th Cir.1989). This practice is sound because it promotes "the orderly presentation of federal claims and deters the endless, repetitive, piecemeal litigation which has become far too common in capital cases."

Alternatively, Dutton maintains that the district court's denial of fees was appropriate under the circumstances. The district court found that Woods was aware of pending state court claims when he petitioned the federal courts for relief. Therefore, Woods should not receive any compensation for pursuing a federal habeas petition when the facts indicated the petition should have been dismissed.

Next, Dutton dismisses Woods' argument that he signed the pleadings requesting a voluntary nonsuit of the petition "only after his client instructed him to do so." He argues that any signature by an attorney on a pleading constitutes "a certificate that the pleading is well-grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law,"

citing Fed.R.Civ.P. 11. An attorney should not be permitted to later abdicate his responsibility for the veracity of such pleadings.

Finally, the appellee notes that if this court adopts Woods' position, a remand would be required to establish the reasonableness of the fee request, in light of the fact the district court failed to address the reasonableness issue.

### (3)

Woods replies that the appellee's brief confuses the actions of the attorney (Woods) with those of the petitioner (Dicks). Woods should not be held accountable for the strategy decisions made by petitioner Dicks after attorney Woods withdrew from the case.

### III.

We believe it is clear from this recitation of prior proceedings and the contradictory factual assertions of the parties that the district court abused its discretion in denying Woods' fee application in toto without a hearing.

■ This court, in vacating the dismissal and remanding the initial habeas claim concluded that Dicks was entitled to pursue that claim in district court. The district court cannot simply ignore this court's action and hold that Woods' application for fees totally lacked merit. Based on our order vacating the district court's dismissal, Woods is entitled at least to attorney fees for his work in representing Dicks in the district court up to the dismissal that we vacated.

■ Further, the record reflects completely contradictory versions of Woods' involvement in "inconsistent" state court proceedings, his role in filing the motion for a voluntary nonsuit, and Dicks' involvement in the initial appeal to this court. When there is such a conflict in the parties' versions of events, the only way to resolve contested issues of fact is to hold an evi-

---

**2.** Woods apparently believes that Dicks is engaging in dilatory tactics, and cites a letter from the Tennessee Attorney General's office acknowledging the possibility of such a strategy.

dentiary hearing and make specific findings of fact. See *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir.1991) ("In view of the directly contradictory nature of the parties' assertions, an evidentiary hearing is necessary to determine which factual account is accurate.... Because the court could not properly resolve this issue on the affidavits alone, to do so constituted an abuse of discretion.")[3]

Following a hearing on these and other issues properly raised, the district court should again consider Woods' request for attorney fees under the applicable statutes. The order denying attorney fees is vacated and the case is again remanded to the district court for further proceedings consistent with this opinion.

---

**3.** The issue in *Theunissen* was whether the court had personal jurisdiction over the defendant. Although the question of attorney fees is quite different, the rationale of resolving conflicting assertions is the same.