UNITED STATES of America

v.

Brian McKEE.

Cr. No. 01–106–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 19, 2004.

John D. Floyd, Floyd Floyd & Floyd, Gadsden, AL, for defendant.

Stephen P. Feaga, John T. Harmon, Verne H. Speirs, Raymond A. Pierson, U.S. Attorney's Office, Charles R. Niven, Montgomery, AL, for United States of America.

## ORDER

MYRON H. THOMPSON, District Judge.

Defendant Brian McKee—along with three co-defendants—was convicted in this court of mail fraud, conspiracy to commit mail fraud, money laundering, and conspiracy to commit money laundering. The Eleventh Circuit recently affirmed his conviction. *United States v. Williamson*, 339 F.3d 1295 (11th Cir.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 1427, 158 L.Ed.3d 88 (2004). McKee has written to the court requesting that it appoint counsel to represent him because his attorney was also recently convicted in federal court in a separate case and ordered to report for his sentence at the end of this month. McKee seeks representation so he can communicate with the United States Attorney's office about providing assistance to the government; McKee hopes that the government will then move for a reduction in his sentence under Federal Rule of Criminal Procedure 35(b).

The issue presented is whether the court has the authority to appoint counsel for McKee when nothing is pending before the court in his case. The appointment of counsel to indigent defendants in criminal proceedings is governed by 18 U.S.C.A.

§ 3006A.[1] The statute prescribes circumstances in which "[r]epresentation *shall* be provided" and circumstances in which "representation *may* be provided" if "the court determines that the interests of justice so require." § 3006A(1) & (2) (emphasis added). The statute also prescribes the scope of representation: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance ... through appeal, including ancillary matters appropriate to the proceedings." § 3006A(c).

Section 3006A does not require the court to appoint counsel in this case. First, § 3006A(a)(1) requires the court to appoint counsel in a number of circumstances, none of which is applicable here. For example, the statute provides that representation shall be provided to any financially eligible person who "is charged with a felony or a Class A misdemeanor," § 3006(a)(1)(A), but McKee is not currently charged with any crime. *United States v. Reddick*, 53 F.3d 462, 464 (2d Cir.1995) (§ 3006A does not require appointment of counsel for post-conviction motion to reduce sentence); *United States v. Nevarez–Diaz*, 648 F.Supp. 1226, 1232 (N.D.Ind. 1986) (same). The statute further requires the appointment of counsel when the Sixth Amendment requires as much, but McKee does not have a constitutional right to counsel at this point. *United States v. Palomo*, 80 F.3d 138, 142 (5th Cir.1996) (defendant not constitutionally entitled to counsel during Rule 35(b) negotiations); *Nevarez–Diaz*, 648 F.Supp. at 1230.

Second, § 3006A(a)(2) provides that the court *may* provide representation if it determines "that the interests of justice so require" when the defendant "is seeking relief under section 2241, 2254, or 2255 of

Title 28." Because McKee is not seeking habeas relief, this provision does not apply either.

The Eleventh Circuit reached a similar conclusion in a case involving statutory language similar to § 3006A(a)(2). In *In re Lindsey*, 875 F.2d 1518, 1519 (11th Cir. 1989), after the Eleventh Circuit affirmed the district court's denial of petitioner's habeas motion and issued its mandate, petitioner moved for appointment of counsel in the district court under 21 U.S.C.A. § 848(q)(4)(B), which provides that "[i]n any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation ... shall be entitled to the appointment of one or more attorney." 875 F.2d at 1518–19. The Eleventh Circuit affirmed the district court's decision denying the motion for appointment of counsel because, once the appellate court issued its mandate affirming the denial of petitioner's habeas petition, there was no "proceeding under section 2254 or 2255" and thus the district court did not have statutory authority to appoint counsel. *Id.* at 1519; *see also United States v. Rosado*, Nos. 92–C–932, 87–CR–327, 1992 WL 86198 (N.D.Ill. April 22, 1992) (when there is no pending post-trial motion there no matter for which defendant requires assistance).

There are cases, however, in which courts have suggested that § 3006A gives trial courts the discretion to appoint counsel in this circumstance. In *Reddick*, for example, the court rejected the defendant's claim that he had a statutory right to appointed counsel to file a motion for a reduction in his sentence based on an amendment to the sentencing guidelines. 53 F.3d at 465. The court concluded, how-

---

**1.** The court has authority to appoint counsel under 28 U.S.C.A. § 1915(e), as well; that statute, however, does not authorize appoint-

ment of representation in criminal matters. *United States v. Osuna*, 141 F.3d 1412, 1414 (10th Cir.1998).

ever, that "[t]he provision of counsel for such motions should rest in the discretion of the district court." *Id.* The court in *Reddick* did not cite any statutory authority for this proposition, though.

Therefore, while it appears that § 3006A does not require the court to assign counsel to McKee, the court believes that, if it has the discretion to do so, it should not. McKee has not articulated any grounds that warrant the exercise of that discretion. McKee's mere general assertion that he "might have useful information about an investigation" is not enough.

Accordingly, it is ORDERED that defendant Brian McKee's letter motion for appointment of counsel, filed March 17, 2004 (doc. no. 414), is denied.

DONE, this the 19th day of March, 2004.