**Amos Lee KING, Petitioner–Appellant,**

v.

**Michael W. MOORE, Secretary, Flori-da Department of Corrections, Respondent–Appellee.**

**No. 02–13717**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 2, 2002.

Michael John Benza, Jeffry F. Kelleher & Assoc. Co., Cleveland, OH, Mark E. Edwards (Court-Appointed), Durham, NC, Grady Charles Irvin, Jr. (Court-Appointed), Tampa, FL, for Petitioner–Appellant.

Carol M. Dittmar, Dept. of Legal Affairs, Tampa, FL, for Respondent–Appellee.

Before EDMONDSON, Chief Judge, and BLACK and MARCUS, Circuit Judges.

PER CURIAM:

The issue in this case is whether 21 U.S.C. § 848(q) entitles state prisoners to federally appointed, federally funded counsel to represent them in their state clem-

ency proceedings. We answer this question "no."

Section 848(q)(4)(B) authorizes, for any indigent defendant, the appointment of counsel in any post conviction proceeding under 28 U.S.C. § 2254, seeking to vacate or to set aside a state death sentence, as well as under 28 U.S.C. § 2255 for federal death sentences. Section 848(q)(4)(B) also provides that a defendant is entitled to "the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9)." *Id.* Section 848(q)(8) provides that attorneys so appointed can do different things:

> shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

21 U.S.C. § 848(q)(8).

In 1992, King filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in the district court and was appointed counsel.[1] The district court denied the petition, and we affirmed. *See King v. Moore,* 196 F.3d 1327 (11th Cir.1999), *cert. denied,* 531 U.S.

1039, 121 S.Ct. 631, 148 L.Ed.2d 539 (2000).

In July 2002, King, in the district court, filed a motion for appointment of counsel; invoking 21 U.S.C. § 848(q)(4)(B), he sought counsel to represent him in his state clemency proceedings. King asserted that, during his previous federal habeas proceedings he had been represented by counsel appointed pursuant to § 848(q), but that this counsel was prohibited by state statute from representing King in state clemency proceedings. King, then, requested that the district court appoint new counsel to prepare King's state clemency application. The district court denied the motion. King appeals.

■ This case hangs on the interpretation of a federal statute: 21 U.S.C. § 848(q). The interpretation of a statute is a question of law which this Court reviews *de novo. United States v. Pistone,* 177 F.3d 957, 958 (11th Cir.1999).

We agree with the Fifth Circuit that § 848(q)(4)(B) should be construed narrowly, and we agree with that Circuit's conclusion that the statute does not authorize federal compensation for representation in state clemency proceedings.[2] *See Clark v. Johnson,* 278 F.3d 459, 460 (5th Cir.2002); *see also Sterling v. Scott,* 57 F.3d 451, 456–58 (5th Cir.1995). This legal position is consistent with our dicta in *In re Lindsey,* 875 F.2d 1502, 1506–07 (11th Cir.1989): "[w]e cannot agree that ... subsection 848(q)(8), encompass[es] ... any proceedings convened under the authority of a State."[3] Section 848(q) does

---

**1.** We note that this case has an extended procedural history that we need not fully discuss for our present purposes.

**2.** We are aware that the Eighth Circuit has indicated that federal compensation might be available under some circumstances. *Hill v. Lockhart,* 992 F.2d 801, 803–804 (8th Cir. 1993). We also know that an application for

writ of certiorari has been filed with the Supreme Court in *Clark.*

**3.** Given the circumstances of the case now before us, this language is dicta because *Lindsey* did not involve state clemency proceedings. So, *Lindsey* is not controlling: No question of state clemency proceedings was essential to the determination of *Lindsey. See*

not provide for federally funded counsel to represent state prisoners in state clemency proceedings.

Before we would decide to obligate the United States to pay for counsel in a state proceeding, Congress's intent to pay would need to be so clear as to leave room for no other reasonable interpretation. The drain on the federal treasury would likely be more than considerable, and the entanglement of federal courts in state proceedings would raise substantial problems impacting on our federalism. Examining the pertinent statute, we believe that Congress's intent to pay for counsel in state proceedings is by no means clear.

Section 848(q) is found in the Anti–Drug Abuse Act of 1988. Section 848 generally provides the punishment for engaging in a continuing criminal enterprise in violation of federal drug laws and provides for the imposition of the death penalty in certain cases. 21 U.S.C. § 848. Section 848 also establishes the procedures for imposing the death penalty in federal cases and provides for counsel for financially unable defendants. Section 848(q) is entitled "Appeal in capital cases; counsel for financially unable defendants" and seems directed to the appeals of death-penalty sentences in federal cases. As noted above, however, § 848(q)(4)(B) provides for the appointment of counsel in any proceeding under § 2254 or § 2255—federal proceedings—in which the defendant is seeking to set aside a state (§ 2254) or federal (§ 2255) death sentence.

Because of where § 848(q)(4)(B) is included in the law, the language contained in the sections preceding and following this provision relates more directly to federal criminal trial and appeals, than to habeas cases seeking relief from state court sentences. *See* 21 U.S.C. § 848(q); *see also Sterling,* 57 F.3d at 456. Furthermore, the interpretation of the statute King asks us to adopt would also seem to entitle habeas petitioners—if successful in having their state convictions vacated in federal court—to federally funded counsel for their resulting new state trial, state appeal, and state habeas proceedings. *See* 21 U.S.C. § 848(q)(8) ("each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing. . . ."). We do not believe that Congress intended such a result. *Cf. In re Lindsey,* 875 F.2d at 1506–07 (concluding that defendant not entitled to federally funded counsel to pursue unexhausted claims in state court); *see generally United States v. McLemore,* 28 F.3d 1160, 1162 (11th Cir.1994) ("In interpreting the language of a statute, [ ] we do not look at one word or, one provision in isolation, but rather look to the statutory scheme for clarification and contextual reference"). In context of the whole law, we think the word "federal" is an implied modifier for "proceedings" when "proceedings" are mentioned in § 848(q)(8) of the statute: "proceedings" = the federal proceedings that are available to the defendant.

Nothing in the legislative history indicates to us that Congress decided to pay—by passing money through the federal courts—lawyers to represent defendants in state proceedings. Section 848(q)(4)(B) was added to the bill very late in the session and seemingly without floor debate. The whole-business of federal compensation (controlled by federal courts) for lawyers acting in state proceedings on be-

*generally United States ex rel. Southeastern Mun. Supply Co. v. Nat'l Union Fire Ins. Co.*

*of Pittsburg,* 876 F.2d 92, 93 (11th Cir.1989).

half of state prisoners seems too big and innovative to have been dealt with at the tail end of a session as the legislation was being approved at the last moment.[4] We consider it unlikely. The last-minute nature of the amendment and the lack of recorded debate about the issue further clouds our minds that Congress actually intended for section 848(q) to provide counsel, at federal expense, to state prisoners engaged in state proceedings.

Based upon the statute and the legislative history, we conclude that the phrase "proceedings for executive or other clemency as may be available to the defendant" in § 848(q)(8) does not apply to state clemency proceedings.

AFFIRMED.

MOTION FOR EXPEDITED RULING DENIED AS MOOT.

---

4. As we understand it, states sometimes do pay for counsel in clemency proceedings. We doubt that Congress would take on this burden without addressing in the statute the instances where the payment of counsel is already being undertaken with state money for state proceedings.