**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SCOTT ALLEN HAIN,

      Petitioner - Appellant,

v.

MIKE MULLIN, Warden, Oklahoma
State Penitentiary,

      Respondent - Appellee.

---

FEDERAL PUBLIC DEFENDER FOR
THE WESTERN DISTRICT OF
OKLAHOMA,

      Amicus Curiae.

No. 03-5038
No. 03-5049

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 98-CV-331-K)**

---

Steven M. Presson and Robert W. Jackson of Jackson & Presson, P.C., Norman,
Oklahoma, for Petitioner - Appellant.

W. A. Drew Edmondson, Attorney General of Oklahoma and Robert L. Whittaker,
Assistant Attorney General, Criminal Division, Oklahoma City, Oklahoma for
Respondent - Appellee.

David E. O'Meilia, United States Attorney, and Kevin Danielson, Assistant United States
Attorney, Tulsa, Oklahoma, for the United States.

Susan M. Otto, Federal Public Defender, Western District of Oklahoma, Oklahoma City, Oklahoma, amicus curiae.

---

Before **TACHA**, Chief Judge, **EBEL**, **KELLY**, **BRISCOE**, **LUCERO**, **MURPHY**, **HARTZ**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.[1]

---

**BRISCOE**, Circuit Judge.

---

Petitioner Scott Allen Hain, an Oklahoma state prisoner sentenced to death for capital murder, filed these appeals challenging the district court's denial of his request for funding under 21 U.S.C. § 848 (q)(8) and the district court's denial of his request for a stay of execution pending resolution of the § 848 (q)(8) issue. We conclude that Hain's execution by the State of Oklahoma on April 3, 2003, has rendered these appeals moot. With respect to both appeals, we vacate the panel decisions previously entered and remand to the district court with directions to vacate the orders that led to these appeals. We also vacate the court's order granting rehearing en banc.

I.

Hain was convicted in Oklahoma state court of two counts of first degree murder and sentenced to death. After exhausting his state court remedies, he filed a 28 U.S.C. § 2254 petition for federal habeas relief. Acting pursuant to 21 U.S.C. § 848 (q)(4)(b), the district court appointed counsel to represent Hain. The court subsequently denied the

---

[1] Judge Seymour and Judge Henry are recused in these matters.

request for habeas relief. We affirmed the district court's decision. See Hain v. Gibson, 287 F.3d 1224 (10th Cir. 2002). The Supreme Court denied Hain's petition for writ of certiorari. See Hain v. Mullin, 123 S. Ct. 993 (2003).

Hain's federally-appointed counsel filed a motion with the district court requesting "confirmation" that Hain was entitled to federally-appointed and funded counsel to represent him in his state clemency proceedings pursuant to § 848 (q)(8). The court denied the motion, concluding that § 848 (q)(8) did not encompass representation of a state prisoner in state clemency proceedings. Hain filed a timely notice of appeal from that order (case No. 03-5038). Hain then filed a separate motion in district court for a stay of execution pending his appeal of the § 848 (q)(8) issue. The district court denied the stay and Hain filed a separate notice of appeal from that denial (case No. 03-5049).

The panel unanimously affirmed the district court's denial of Hain's motion for a stay of execution, and a panel majority affirmed the district court's denial of funding under § 848 (q)(8), with Judge Lucero dissenting. Hain filed an emergency petition for panel rehearing of both the denial of the stay and the affirmance of the § 848 (q)(8) ruling. A divided panel denied the emergency petition for rehearing on the § 848 (q)(8) issue and granted a stay to permit en banc review of the § 848 (q)(8) issue. Judge Murphy dissented from the grant of the stay. Hain also had filed a petition for rehearing en banc on the § 848 (q)(8) issue. A majority of the active judges granted en banc review of both the § 848 (q)(8) issue and the stay, and voted not to lift the stay pending the ruling of the

en banc court. Respondent immediately filed an application to vacate the stay with the Circuit Justice. The Supreme Court, upon referral by the Circuit Justice, granted the application and Hain was executed on April 3, 2003. The en banc court issued an order to show cause why these appeals should not be dismissed as moot.

II.

The threshold question we must address is whether the Supreme Court's grant of respondent's application to vacate the stay of execution divested us of jurisdiction. "There is no question as to the power of a Circuit Justice[, or the Court itself,] to dissolve a stay entered by a court of appeals." Commodity Futures Trading Comm'n v. British American Commodity Options Corp., 434 U.S. 1316, 1319 (1977); Petition of Johnson, 72 S. Ct. 1028, 1031-32 (1952) (discussing power of Circuit Justice to stay execution of judgment). The exercise of that power does not, however, constitute a decision on the merits. See Messer v. Kemp, 831 F.2d 946, 957 (11th Cir. 1987). Nor does it necessarily deprive a lower court of jurisdiction. Cf. Johnson, 72 S. Ct. at 1031-32 (suggesting that stay of execution of district court judgment could be entered by Circuit Justice pending resolution of case by court of appeals); Messer, 831 F.2d at 957 (holding that Supreme Court's stay of execution did not divest court of appeals of jurisdiction to consider petitioner's appeal en banc). Because no final judgment had been entered by this court on the merits at the time the Supreme Court vacated the stay of execution, we conclude we retain jurisdiction over these appeals.

-4-

Having now received and reviewed the responses to our order to show cause, we conclude that Hain's execution has rendered these appeals moot. "'A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Citizens for Responsible Gov't State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir. 2000) (quoting City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000)); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (internal quotation omitted). It is obvious, under the circumstances presented here, that Hain can no longer benefit from a ruling in his favor by the en banc court in either pending appeal. See generally Friends of the Earth, Inc. v. Laidlaw Env. Servs., Inc., 528 U.S. 167, 192 (2000) (noting that courts are not licensed "to retain jurisdiction over cases in which . . . a plaintiff pursuing a nonsurviving claim has died"); Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (noting that the party seeking relief "must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision.").

Hain's counsel suggests that the appeal of the § 848(q)(8) issue falls within the "capable of repetition, yet evading review" exception to the mootness doctrine. We disagree. In order for this exception to apply, two prerequisites must be satisfied: (1) the duration of the challenged action must be too short to be fully litigated prior to its

cessation or expiration; and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again. <u>United States v. Seminole Nation of Okla.</u>, 321 F.3d 939, 943 (10th Cir. 2002). Here, in light of Hain's execution, it is apparent that he will not again confront the issue of whether § 848 (q)(8) provides federally-appointed and funded counsel at a state clemency proceeding. Thus, the second prerequisite for application of the exception has not been met.

Respondent, who has consistently denied an interest in the § 848(q)(8) issue, asserts that the appeal is not moot because Hain's counsel "did in fact expend funds and time in representing" Hain "in a bid for clemency before the Oklahoma Pardon and Parole Board." Resp. Br. at 6. Thus, respondent argues, "[w]hether [counsel] should be compensated and reimbursed from the federal fisc for representing" Hain "at the state clemency hearing is still a case or controversy justifying exercise of continuing jurisdiction by this Court." <u>Id.</u> Although it appears uncontroverted that Hain's counsel represented him during the state clemency proceedings, Hain's counsel does not yet have a personal stake in the appeal of the § 848 (q)(8) issue. In particular, Hain's counsel has not sought compensation from the district court for the time expended on Hain's behalf, nor has he sought to intervene in this appeal.

The court's order granting rehearing en banc is VACATED and counsel are excused from attendance on Tuesday, May 6, 2003. With respect to both appeals, we VACATE the panel decisions previously entered and REMAND to the district court with

directions to vacate the orders that led to these appeals.