BRISCOE, Circuit Judge.
Petitioner Scott Hain, an Oklahoma state prisoner convicted of capital murder and sentenced to death, appeals the district court’s denial of his request for funding under 21 U.S.C. § 848(q)(8). At issue is whether § 848(q)(8) entitles state prisoners, such as Hain, to federally appointed and funded counsel to represent them in state clemency proceedings. Because we agree with the district court that § 848(q)(8) does not authorize funding under these circumstances, we affirm.[1]
*1148 I.
Hain was convicted in Oklahoma state court of two counts of first degree murder and sentenced to death. After exhausting his state-court remedies, Hain filed a 28 U.S.C. § 2254 petition for federal habeas relief. The district court, acting pursuant to 21 U.S.C. § 848(q)(4)(B), appointed counsel to represent Hain. The district court subsequently denied Hain’s request for habeas relief. We affirmed the district court’s decision. Hain v. Gibson, 287 F.3d 1224 (10th Cir.2002). The Supreme Court of the United States denied Hain’s petition for writ of certiorari. Hain v. Mullin, — U.S.-, 123 S.Ct. 993, 154 L.Ed.2d 916 (2003).
Hain’s federally appointed counsel then filed a motion with the district court “seeking confirmation of counsel’s continuing obligation to represent ... Hain, and under ... § 848(q)(8), to receive compensation for time and expenses in representing ... Hain in a ■ [state] clemency proceeding.” Petitioner’s Br. at 2. The district court denied the motion. In doing so, the district court concluded, consistent with previous orders issued in the Northern District of Oklahoma, that § 848(q)(8) does not encompass representation of a state prisoner in state clemency proceedings. Hain filed a timely notice of appeal from the district court’s order.
II.
Title 21, § 848(q)(4)(B) creates a right to federally appointed and funded counsel for “financially unable” state capital defendants pursuing federal habeas relief. See generally McFarland v. Scott, 512 U.S. 849, 855, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). Section 848(q)(8) of Title 21 in turn provides:
Unless replaced by similarly qualified counsel upon the attorney’s own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiora-ri to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.
21 U.S.C. § 848(q)(8).
Hain contends that § 848(q)(8) encompasses state executive clemency proceedings pursued by a state capital defendant following the denial of federal habeas relief. Thus, Hain contends, he is entitled to federally appointed and funded counsel to represent him in his upcoming state clemency proceedings. The United States, whom we invited to participate in this appeal, disputes Hain’s interpretation of § 848(q)(8). In the United States’ view, § 848(q)(8) was never intended by Congress to encompass state judicial or clemency proceedings.
Because this appeal hinges on the interpretation of a federal statute, we apply a de novo standard of review.[2] See *1149 United States v. Quarrell, 310 F.3d 664, 669 (10th Cir.2002). As in any instance of statutory construction, we begin with the language of the statute. See id. If that language “is clear and unambiguous, the plain meaning of the statute controls.” Id. A statute is ambiguous if it is “capable of being understood in two or more possible senses or ways.” Chickasaw Nation v. United States, 534 U.S. 84, 90, 122 S.Ct. 528, 151 L.Ed.2d 474 (2001) (internal quotations omitted). If an ambiguity is found in the statutory language, “a court may seek guidance from Congress’s intent, a task aided by reviewing the legislative history.” Quarrell, 310 F.3d at 669 (internal quotations omitted). “A court can also resolve ambiguities by looking at the purpose behind the statute.” Id.
Importantly, “[i]n determining whether Congress has specifically addressed the question” at issue, we are not confined to examining § 848(q)(8). Food and Drug Admin, v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 132, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000). As the Supreme Court has emphasized, “[t]he meaning — or ambiguity — of certain words or phrases may only become evident when placed in context.” Id. Thus, “[i]t is a ‘fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.’ ” Id. (quoting Davis v. Michigan Dept. of Treasury, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989)).
Three of our sister circuits have addressed similar appeals. The first to do so, the Eighth Circuit, concluded that “[t]he plain language of § 848(q)(8) evidences a congressional intent to insure that indigent state petitioners receive ‘reasonably necessary’ ... clemency services from appointed, compensated counsel.” Hill v. Lockhart, 992 F.2d 801, 803 (8th Cir.1993). More recently, the Fifth and Eleventh Circuits have concluded otherwise, holding that § 848(q)(8) does not encompass state clemency proceedings. See Clark v. Johnson, 278 F.3d 459, 462-63 (5th Cir.), cert. denied, — U.S.-, 123 S.Ct. 687, 154 L.Ed.2d 580 (2002); King v. Moore, 312 F.3d 1365, 1368 (11th Cir.), cert. denied, — U.S.-, 123 S.Ct. 662, 154 L.Ed.2d 563 (2002). For the reasons that follow, we agree with the Fifth and Eleventh Circuits.
Consistent with the rules of statutory construction outlined above, we believe the meaning of § 848(q)(8) can only be determined by examining it in light of its place in the overall statutory scheme. As noted by the Eleventh Circuit in King, § 848(q)(8) is located within a statute, 21 U.S.C. § 848, whose initial topic is punishment for defendants who engage in continuing criminal enterprises in violation of federal drug laws. In particular, § 848 authorizes the death penalty for certain of these defendants and outlines the trial and appellate procedures to be followed in such cases. Also included within § 848 are provisions authorizing the appointment and funding of “counsel for financially unable [capital] defendants.” 21 U.S.C. § 848(q). Though these latter provisions deal primarily with federal capital defendants, § 848(q)(4)(B) also authorizes the appointment of counsel for any “financially unable” defendant in a “post conviction proceeding under section 2254 ... of Title 28, seeking to vacate or set aside a death sentence....” In other words, state capital defendants seeking federal habeas relief are entitled to federally funded and appointed counsel to represent them if they are “financially unable to obtain adequate representation....” 21 U.S.C. § 848(q)(4)(B).
Viewing § 848(q)(4)(B) in context, it is apparent that “the language contained in the sections preceding and following [it] *1150 relates more directly to federal criminal trial and appeals, than to habeas cases seeking relief from state court sentences.” King, 312 F.3d at 1367. Thus, we conclude “the word 'federal’ is an implied modifier for ‘proceedings’ when ‘proceedings’ are mentioned in § 848(q)(8) of the statute: ‘proceedings’ = the federal proceedings that are available to the defendant.”[3] Id.
A broader construction of § 848(q)(8), in our view, defies common sense and would produce absurd results. See generally United States v. Brown, 333 U.S. 18, 27, 68 S.Ct. 376, 92 L.Ed. 442 (1948) (“No rule of construction necessitates our acceptance of an interpretation resulting in patently absurd consequences.”). Were we to accept Hain’s proposed construction, every state capital defendant unsuccessful in seeking federal habeas relief would be entitled to federally appointed and funded counsel to represent them in state clemency proceedings. More dramatically, every state capital defendant successful in seeking federal habeas relief would be entitled to federally appointed and funded counsel to represent them in their resulting state trials, state appeals, and state habeas proceedings.[4] In our view, nothing in § 848 or its legislative history indicates that Congress intended such a result. Indeed, as noted by the Eleventh Circuit in King, “[t]he whole-business of federal compensation (controlled by federal courts) for lawyers acting in state proceedings seems too big and innovative to have been dealt with,” as was § 848, “at the tail end of a session as the legislation was being approved at the last moment.” 312 F.3d at 1367-68.
As a final matter, we take issue with the dissent’s assertion that “it is undisputed *1151 that Oklahoma does not fund counsel at state clemency proceedings.” Dissent at 4 n. 1. Although Hain has certainly made that assertion, the district court made no factual findings on this point (since it concluded that § 848(q)(8) did not encompass state clemency proceedings). Thus, it is impossible to reach any conclusion on this point based upon the record before us.
The judgment of the district court is AFFIRMED. Hain’s Motion Challenging Standing of Respondent to Appear in this Appeal is DENIED.

. Although Hain has not addressed the issue of our appellate jurisdiction, we have consid *1148 ered the issue sua sponte and conclude the district court order appealed by Hain is a “final decision” for purposes of 28 U.S.C. § 1291. See Clark v. Johnson, 278 F.3d 459, 460-61 (5th Cir.2002).

. As noted by the dissent, the Tenth Circuit has previously appointed counsel under § 848(q)(8) to represent a state habeas petitioner in a state clemency proceeding. See Hooker v. Mullin, Nos. 00-6181 & 00-6186 (10th Cir. Dec. 10, 2002). Because, however, that was an unpublished order, it does not constitute binding precedent. See 10th Cir. R. 36.3(A).

. The dissent contends it is impossible “to limit the language of § 848(q)(8) to federal clemency proceedings” because the statute refers to "executive or other clemency” and the federal system offers only executive clemency. Dissent at 5. In other words, the dissent suggests, the statute's reference to "other clemency” must have been intended to refer to state clemency proceedings. We respectfully disagree. In each state that affords clemency procedures to capital defendants, "the power [of clemency] is vested in the executive branch....” Alyson Dinsmore, Clemency in Capital Cases: The Need to Ensure Meaningful Review, 49 UCLA L.Rev. 1825, 1838 (2002). Thus, state systems of clemency could just as easily fall within the scope of § 848(q)(8)’s reference to "executive clemency” as they could to its reference to "other clemency.” Of course, that leaves open the question of what was intended by the phrase "other clemency.” In our view, the phrase is ambiguous, and it is possible that Congress simply intended it as a catch-all for any types of federal clemency systems that might be enacted in the future. In the end, we conclude that § 848(q)(8)'s reference to "executive or other clemency” is ambiguous and, for the reasons outlined, was intended to be modified by the word "federal.”

. The dissent disputes this proposition. In the dissent's view, if a state habeas petitioner obtains federal habeas relief and is granted a new trial, § 848(q)(4)(B) would "no longer [be] implicated” because, "[u]nder Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), states are obligated to provide counsel to indigent defendants at criminal trials.” Dissent at 8. We respectfully disagree. Section 848(q)(4)(B) hinges on a defendant's financial status, i.e., it requires appointment of counsel if a defendant is "financially unable to obtain adequate representation." Once appointed thereunder, counsel's representation of the defendant presumably must continue unless (a) the defendant's financial status changes, or (b) counsel is "replaced by similarly qualified counsel upon the attorney’s own motion or upon motion of the defendant....” 21 U.S.C. § 848(q)(8). Although it is possible that federally appointed counsel could be replaced by state appointed counsel in a new trial setting, we are not convinced that would occur. For example, given the standards for federally appointed counsel set forth in 21 U.S.C. §§ 848(q)(5) and (6), which are geared exclusively toward practice in federal court, it is likely that the "similarly qualified" standard could not be met by state appointed counsel.