RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0196P (6th Cir.)
File Name: 03a0196p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

PAUL GREGORY HOUSE,
    *Petitioner-Appellant,*

  *v.*

    No. 00-6136

RICKY BELL, Warden,
    *Respondent-Appellee.*

———————————

Filed: June 16, 2003

Before: MARTIN, Chief Circuit Judge; MERRITT,
BOGGS, NORRIS, SILER, BATCHELDER,
DAUGHTREY, MOORE, COLE, CLAY, and GILMAN,
Circuit Judges.

———————————

**ORDER**

———————————

BOYCE F. MARTIN, JR., Chief Circuit Judge. Paul Gregory House, who has been sentenced to death, requests an order authorizing Federal Defender Services of Eastern Tennessee, Inc., to represent him in pending state court proceedings. Federal Defender was appointed to represent House in his federal habeas corpus proceeding in the United States District Court for the Eastern District of Tennessee pursuant to 21 U.S.C. § 848(q). This court has yet to issue a final *en banc* decision, as we are awaiting a ruling from the

Tennessee Supreme Court on three certified questions. A writ of certiorari is also pending before the Supreme Court of the United States. Nevertheless, House has initiated litigation in order to obtain relief in the state courts of Tennessee on claims of ineffective assistance of counsel, withholding exculpatory evidence, and misconduct by the police and the prosecutor. House seeks to have Federal Defender's appointment expanded and therefore paid by the federal government for the state court representation. After review the applicable case law from our sister circuits, we find that Section 848(q) does not authorize the expanded appointment. Accordingly the motion is denied.

As the facts surrounding House's conviction were fully discussed in our prior opinion, *House v. Bell*, 311 F.3d 767, 769-71 (6th Cir. 2002), we will not reiterate them here. The sole question before us concerns whether Section 848(q) will allow Federal Defender to be compensated for any state work. Section 848(q)(4)(B) authorizes the appointment of counsel for any indigent defendant in any post conviction proceedings under 28 U.S.C. § 2254 (seeking to vacate or set aside a state death sentence), as well as for federal death sentences under 28 U.S.C. § 2255. The statute also provides that a defendant is entitled to "the furnishings of such other services in accordance with paragraphs (5), (6), (7), (8), and (9)." 21 U.S.C. § 848(q)(4)(B). Section 848(q)(8) provides that appointed attorneys:

> shall represent the defendant throughout every subsequent stage of available judicial proceedings, including the pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

We agree with our sister circuits that Section 848(q)(4)(B) must be construed narrowly and agree with their conclusion that the statute does not authorize federal compensation for representation in state proceedings. *See King v. Moore*, 312 F.3d 1365, 1366 (11th Cir. 2002); *Clark v. Johnson*, 278 F.3d 459, 460-63 (5th Cir. 2002); *Sterling v. Scott*, 57 F.3d 451, 455-58 (5th Cir. 1995); *Hill v. Lockhart*, 992 F.2d 801, 803-04 (8th Cir. 1993); *In re Lindsey*, 875 F.2d 1502, 1506-07 (11th Cir. 1989).

Section 848 is part of the Anti-Drug Abuse Act of 1998, Pub. L. No. 100-690, 102 Stat. 4181. The act provides for punishment for engaging in continuing criminal enterprises in violation of federal drug laws and provides for the imposition of the death penalty in certain cases. 21 U.S.C. § 848. The law also establishes the procedures for imposing the death penalty in federal cases and provides for counsel for financially unable defendants. Section 848(q) is entitled "Appeal in capital cases; counsel for financially unable defendants." As the court noted in *King*, the statute "seems directed to the appeals of death-penalty sentences in federal cases." *King*, 312 F.3d at 1367. However, Section 848(q)(4)(B) provides for the appointment of counsel in any proceeding under Section 2254 or Section 2255 in which the defendant is seeking to set aside a state or federal death sentence.

Should we allow the interpretation suggested by House, House would be entitled to have Federal Defender represent him in any resulting new state trial, state appeal, and state habeas corpus proceedings if his current sentence is vacated. *See id*. We find this proposition unacceptable. As the Eleventh Circuit said in *King*, *id*. at 1367-68,

Nothing in the legislative history indicates to us that Congress decided to pay – by passing money through the federal courts – lawyers to represent defendants in state proceedings. Section 848(q)(4)(B) was added to the bill very late in the session and seemingly without floor debate. The whole business of federal compensation

(controlled by federal courts) for lawyers acting in state proceeding on behalf of state prisoners seems too big and innovative to have been dealt with at the tail end of a session as the legislation was being approved at the last moment. We consider it unlikely. The last-minute nature of the amendment and the lack of recorded debate about the issue further clouds our minds that Congress actually intended for section 848(q) to provide counsel, at federal expense, to state prisoners engaged in state proceedings.

The rule is simple. The two representations shall not mix. The state will be responsible for state proceedings, and the federal government will be responsible for federal proceedings. As the weight of authority does not support House's request to have Federal Defender represent him in the state court proceedings at the expense of the federal government, House's motion to expand Federal Defender's representation beyond its federal court responsibilities is DENIED.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk