LUCERO, Circuit Judge.
We granted initial en banc hearing of this case to consider the reach of 21 U.S.C. § 848(q)(4)(B), which provides federally-funded counsel for indigent state death row prisoners seeking federal habeas relief. Specifically, § 848(q)(4)(B) authorizes “the appointment of one or more attorneys and the furnishing of such other services in accordance with” 21 U.S.C. § 848(q)(8). Section (q)(8) of the statute in turn commands that “each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including ... proceedings for executive or other clemency as may be available to the defendant.” Today, we accord these words their plain meaning and hold that counsel appointed under § 848(q)(4)(B) to represent state death row inmates in 28 U.S.C. § 2254 proceedings are authorized by the statute to represent these clients in state clemency proceedings and are entitled to compensation for clemency representation. In so holding, we REVERSE the judgment of the court below.
I
Scott Allen Hain filed a § 2254 petition seeking relief from a sentence of death imposed by an Oklahoma state court. Hain appealed the denial of habeas relief, which this court affirmed. Hain v. Gibson, 287 F.3d 1224 (10th Cir.2002). Once the Supreme Court denied certiorari, Hain’s attorneys Robert W. Jackson and Steven M. Presson filed in the district court an “Ex-Parte Request for the Court to Confirm Continuing Representation Under 21 U.S.C. § 848(q)(8) and to Set Immediate Date for Budget Conference.” The district court denied the attorneys’ request, finding that the statute under which they were appointed — 21 U.S.C. § 848(q)(4)(B) — does not authorize federal funding for attorneys in state clemency proceedings. Notwithstanding the uncertainty of their funding, counsel commendably represented Hain in state clemency proceedings. They were unsuccessful and Hain was executed.
While clemency representation was ongoing, this court considered the appeal from the district court’s order denying counsel’s motion. A divided panel of this court affirmed the district court’s order. Hain v. Mullin, 324 F.3d 1146 (10th Cir.2003); id. at 1151 (Lucero, J., dissenting). We then decided to hear this matter en banc, but Hain was executed before we disposed of the case. Accordingly, we vacated the panel opinion and vacated the order granting rehearing en banc, deter *1171 mining that the issue presented was moot. Hain v. Mullin, 327 F.3d 1177 (10th Cir.2003) (en banc).
Jackson and Presson subsequently submitted ex parte claim vouchers to the district court seeking payment for their representation of Hain during the clemency proceedings. The court denied payment, ruling that § 848(q)(8) does not authorize federal funding for state clemency representation. Counsel appealed this ruling and we have again decided to consider this matter en banc.
II
The Supreme Court has “stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says.... ” Conn. Nat’l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Thus, as always, we begin with the statutory language and must “give effect, if possible, to every clause and word.” Duncan v. Walker, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). We will not inquire into Congress’s intent if the statutory language is clear. Edwards v. Valdez, 789 F.2d 1477, 1481 (10th Cir.1986). Rather, “[w]hen confronted with clear and unambiguous statutory language, our duty is simply to enforce the statute that Congress has drafted.” United States v. Ortiz, 427 F.3d 1278, 1282 (10th Cir.2005).
Section 848(q) employs clear and precise language, admitting of no ambiguity and leaving no room for interpretation. Congress has directed that “[i]n any post conviction proceeding under section 2254 ... seeking to vacate or set aside a death sentence ... any defendant who is or becomes financially unable to obtain adequate representation ... shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with [paragraph 8].” 21 U.S.C. § 848(q)(4)(B).[1] Unambiguously, this provision states that death row inmates seeking relief under § 2254 — a path exclusive to state prisoners — are entitled to the appointment of attorneys and the furnishing of services described in paragraph 8. See 28 U.S.C. § 2254 (statute applies to “person[s] in custody pursuant to the judgment of a State court”). In turn, paragraph 8 provides: “each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings ... and shall also represent the defendant in such ... proceedings for executive or other clemency as may be available to the defendant.” § 848(q)(8).[2]
*1172 One need look no further than the statute’s plain language to see that Congress has directed that counsel appointed to represent state death row inmates during § 2254 proceedings must “represent the defendant throughout every subsequent stage of available judicial proceedings” including “proceedings for executive or other clemency as may be available to the defendant.” Id[3] When Congress required attorneys appointed to represent § 2254 petitioners to pursue “proceedings for executive or other clemency,” it must have meant state clemency proceedings given that federal officials have no authority to commute a state court sentence. See U.S. Const., art. II, § 2 (President has “Power to grant Reprieves and Pardons for Offenses against the United States”). Because the President does not have the power acting under the United States Constitution to pardon defendants convicted in state courts, it would be nonsensical to suggest that § 848(q)(8) provides for compensation for counsel to state defendants only in federal clemency proceedings. See Young v. United States, 97 U.S. 39, 66, 24 L.Ed. 992 (1878) (“if there is no offence against the laws of the United States, there can be no pardon by the President.”). Acknowledging a circuit split on the issue, we nonetheless see no other logical way to read the statute. As expressed by the Eighth Circuit: “The plain language of § 848(q) evidences a congressional intent to insure that indigent state petitioners receive ‘reasonably necessary’ ... clemency services from appointed, compensated counsel.” Hill v. Lockhart, 992 F.2d 801, 803 (8th Cir.1993); see also Lowery v. Anderson, 138 F.Supp.2d 1123, 1125 (S.D.Ind.2001) (“This court finds the plain language of § 848(q)(8) to be controlling here, consistent with the straightforward and persuasive reasoning of the Eighth Circuit in Hill.”)-, Strickler v. Greene, 57 F.Supp.2d 313, 316 (E.D.Va.1999) (same).
Ignoring the statute’s plain meaning, the government urges this court to follow the Eleventh Circuit in concluding that, ber cause § 848(q) is part of 21 U.S.C. § 848, which focuses primarily on punishments for violations of federal drug laws, “the language contained in the sections preceding and following [§ 848(q)(4)(B) ] relates more directly to federal criminal trial and appeals, than to habeas cases seeking relief from state court sentences.” King v. Moore, 312 F.3d 1365, 1367 (11th Cir.2002)[4] On that basis, the Eleventh Circuit held that “the word ‘federal’ is an *1173 implied modifier for ‘proceedings,’ ” as it is used in § 848(q)(8), such that “ ‘proceedings’ = the federal proceedings that are available to the defendant.” Id. (equals sign in the original).[5] The Eleventh Circuit does not deny that state death row inmates proceeding under § 2254 are entitled to the furnishing of services in accordance with paragraph 8. Rather, the court amends paragraph 8 to encompass only federal proceedings. Under this amended version of the statute, although a state prisoner is entitled to federally-funded counsel at proceedings for executive or other clemency, such state prisoners will receive representation only at federal clemency proceedings. The analytical complication with this approach is that, as noted, federal clemency proceedings are unavailable to prisoners seeking relief from a state sentence. Moreover, such a reading ignores the plain meaning of the statute, violates the canon of statutory interpretation requiring us to give effect to every word of a statute, and reads the statute out of context.[6]
*1174 Adopting the government’s interpretation would fail to “give effect, if possible, to every clause and word” of the statute. Duncan, 533 U.S. at 174, 121 S.Ct. 2120. Section 848(q)(8) provides that federally-appointed counsel shall “represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.” (Emphasis added). The statute’s reference to “other clemency” is meaningless unless it refers to state clemency proceedings, as executive clemency is the only form of clemency in the federal system. See U.S. Const., art. II, § 2. By contrast, some states have vested clemency power exclusively in the legislature, have provided for shared legislative-executive clemency authority, or have permitted the executive and judiciary to share clemency power.[7] See, e.g., McLaughlin v. Bronson, 206 Conn. 267, 537 A.2d 1004, 1006 (1988) (“In Connecticut, the pardoning power is vested in the legislature”); Fla. Const. Art. IV, § 8 (“In cases of treason the governor may grant reprieves until adjournment of the regular session of the legislature convening next after the conviction, at which session the legislature may grant a pardon or further reprieve”); Nev. Const, art. 5, § 14 (“The governor, justices of the supreme court, and attorney general [may] remit fines and forfeitures, commute punishments, except as provided in subsection 2, and grant pardons, after convictions”).[8]
The government argues that § 848(q)(8) must be considered “in its context as part of the Anti-Drug Abuse Act of 1988.” Ap-pellee Br. at 10. This implies that because § 848(q) is lodged in a statute generally addressed at federal drug laws, § 848(q)(8) “does not authorize federally appointed and federally funded attorneys to represent state prisoners in state clemency proceedings.” Appellee Br. at 11. There is a problem with this argument: viewing § 848(q)(8) in its appropriate context, there is no indication that the statute is limited to federal proceedings. The most informative context is that provided by § 848(q)(4)(B), which references § 848(q)(8) and establishes that state capital defendants “proceeding under section *1175 2254” are “entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with [paragraph 8].” The provision at issue applies “to habeas cases seeking relief from state court sentences,” and does not, as the Eleventh Circuit concludes, relate “more directly to federal criminal trial and appeals.” Moore, 312 F.3d at 1367. It cannot be disputed that § 848(q) applies to all capital cases, and not just drug-related cases, even though § 848 is generally addressed at violations of the federal drug laws. See 21 U.S.C. § 848(q)(4)(A) (applies to “every criminal action in which a defendant is charged with a crime which may be punishable by death [and] is or becomes financially unable to obtain adequate representation”) (emphasis added); 21 U.S.C. § 848(q)(4)(B) (applies to “any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, [where the defendant] becomes financially unable to obtain adequate representation”) (emphasis added). That § 848(q) is not limited to drug offenses is recognized by the dissent in its acknowledgment that representation at the proceedings listed in § 848(q)(8) are available to all indigent federal capital defendants and not just those charged under § 848. Dissent at 5. The government’s suggested approach would distort the plain meaning of § 848(q).
In a final attempt to avoid the plain meaning of the statute, the government argues that its unqualified application would lead to absurd results. In particular, the government argues that it is absurd to think that Congress intended to fund representation at state clemency proceedings. In order “to justify a departure from the letter of the law” on the ground of absurdity, “the absurdity must be so gross as to shock the general moral or common sense.” Crooks v. Harrelson, 282 U.S. 55, 60, 51 S.Ct. 49, 75 L.Ed. 156 (1930); see also Payne v. Fed. Land Bank of Columbia, 916 F.2d 179, 182 (4th Cir.1990) (noting that the absurdity exception applies only when “the absurdity and injustice of applying the provision [literally] to the case would be so monstrous that all mankind would without hesitation, unite in rejecting the application”) (quoting Sturges v. Crowninshield, 17 U.S. (4 Wheat.) 122, 202-03, 4 L.Ed. 529 (1819)). The federal government providing representation to indigent death row inmates at state clemency proceedings is not an absurdity “so gross as to shock the general moral or common sense.” Id. It is entirely plausible that Congress did not want condemned men and women to be abandoned by their counsel at the last moment and left to navigate the sometimes labyrinthine clemency process from their jail cells, relying on limited resources and little education in a final attempt at convincing the government to spare their lives. The government may not agree with Congress’s decision to authorize such funding, but as Justice Scalia has noted, “Congress can enact foolish statutes as well as wise ones, and it is not for the courts to decide which is which and rewrite the former.” Anto-nin Scalia, A Matter of Interpretation: Federal Courts and the Law 20 (1997). We would add only that when Congress has spoken, it is not for us to stand in the wings like a classic Greek chorus and explain that Congress did not mean what it said.
Ill
The judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

. The full text of 21 U.S.C. § 848(q)(4)(B) reads:
In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

. The full text of 21 U.S.C. § 848(q)(8) reads: Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

. We do not imply that the statute applies exclusively to state prisoners proceeding under § 2254. Rather, the statute affords equal access to clemency representation for § 2254 and § 2255 petitioners.

. In a similar vein, the dissent asserts that the proceedings described in § 848(q)(8) are exclusively federal proceedings. To reach that conclusion, the dissent relies heavily on the fact that § 848(q)(4)(B) was added to the bill after § 848(q)(8) was drafted. Initially, § 848(q)(8) detailed the extent of representation that appointed counsel was to provide to federal capital defendants. Inexplicably, the dissent concludes that when § 848(q)(4)(B) was added to the bill to entitle indigent § 2254 capital petitioners to the furnishing of services listed in § 848(q)(8), the clemency proceedings listed in § 848(q)(8) necessarily retained their character as exclusively federal proceedings. Reading the statute in such a manner would reduce to surplusage the phrase “proceedings for executive and other clemency” as it applies to § 2254 petitioners. The dissent offers no reason why the scope of clemency representation remained unaltered despite its extension to state prisoners, but does argue that it is "unlikely” that Congress intended to encompass state clemency proceedings because § 848(q)(4)(B) "was added to the bill very late in session and seemingly without floor debate.” Dissent (quoting King, 312 F.3d at 1368). It seems that the dissent is arguing that, in its haste, Congress did not realize that it was broadening the scope of clemency representation to include representation at state clemency proceedings. We refuse to give Congress such little credit. Rather, we recognize that Congress understands the effect of the language that it employs and *1173 “that our elected representatives ... know the law.” Albernaz v. United States, 450 U.S. 333, 341, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) (quotations and citation omitted).

. The Supreme Court recently cautioned lower courts not to assume that Congress intended to impose the word "federal” as a modifier for general statutory terms in the habeas corpus context, given "the fact that the words 'State' and 'Federal' are likely to be of no small import when Congress drafts a statute that governs federal collateral review of state court judgments.” Duncan, 533 U.S. at 173-74, 121 S.Ct. 2120.

. We do not address whether § 848(q)(8) authorizes federally-funded representation at state trials and appeals resulting from successful § 2254 petitions. The Sixth Circuit expressed concern that affording the statute its plain meaning would entitle successful § 2254 petitioners "to have Federal Defender represent him in any resulting new state trial, state appeal, and state habeas corpus proceedings if his current sentence is vacated.” House v. Bell, 332 F.3d 997, 999 (6th Cir.2003); see also Sterling v. Scott, 57 F.3d 451, 457 (5th Cir.1995). We decide today only the scope of § 848(q)(8) as it relates to state clemency proceedings, and express no view on the proper construction of the statute as it relates to prevailing § 2254 petitioners. We doubt, however, that the parade of horribles presented by the Sixth Circuit has a factual basis. Section 848(q)(4)(B) states that counsel will be appointed when a defendant "is or becomes financially unable to obtain adequate representation.” If the state becomes obliged to provide counsel, “adequate representation” is available, and § 848(q)(4)(B) is no longer implicated. Under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), states are obliged to provide counsel to indigent defendants at criminal trials. Thus, a defendant granted a new trial as a result of a successful § 2254 petition would almost certainly receive constitutionally guaranteed counsel, and thus would no longer be "unable to obtain adequate representation” under the statute. By contrast, when a state refuses to pay for counsel at clemency proceedings, the defendant remains unable to obtain adequate representation, and such representation is funded under the statute. Moreover, the result of a request for clemency is binary in nature. Clemency is granted, or it is not. If clemency is denied, that ends the matter. If clemency is granted, the result of such grant does not generally lead to a new trial and thus the basis advanced by the Sixth Circuit is not relevant in a clemency context.
In any event, whether § 848(q)(8) authorizes federally-funded representation at new state trials under any circumstances remains an open question of statutory interpretation. This statute authorizes representation at two distinct stages of proceedings. First, it directs that "each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures ...." § 848(q)(8). Second, it provides that appointed counsel "shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.” *1174 Id. These are separate clauses. Whether a new state trial resulting from a state's decision to re-prosecute a successful § 2254 petitioner is a "subsequent stage of available judicial proceedings” is unclear, but that issue is neither before us nor implicated by our decision today.

. Because Presidents "have, from time to time, appointed boards to assist them in exercising their clemency authority,” dissent at 8, and because the dissent considers it "an open question whether Congress itself has clemency authority independent from the President,” dissent at 9, the dissent would interpret the reference in § 848(q)(8) to "other clemency” to mean forms of clemency that might possibly arise in the federal system at some point in the future. Yet, should the President appoint a board to assist in the exercise of clemency, any grant of clemency would remain a form of executive clemency. Moreover, it is well-established that federal clemency authority "flows from the Constitution alone, not from any legislative enactments, and that it cannot be modified, abridged, or diminished by the Congress.” Schick v. Reed, 419 U.S. 256, 266, 95 S.Ct. 379, 42 L.Ed.2d 430 (1974). As stated above, article II, section 2 of the Constitution vests the pardoning power in the President. The dissent points to no Constitutional provision, no statute and no case that authorizes Congress to grant clemency to capital defendants. We do not think that in drafting § 848(q)(8), Congress somehow meant to refer to a non-existent form of federal clemency for capital defendants.

. Many other states divide clemency authority, at least for some crimes, between the executive branch and a coordinate branch. See Cal. Pen.Code § 4852; Idaho Const, art. IV, § 7; Ind. Const, art. V, § 17; Ky. Const. § 77; Neb. Const, art. IV, § 13; N.Y. Const, art. IV, § 4; Ohio Const, art III, § 11; Or. Const, art. V, § 14; Tenn.Code Ann. § 40-27-106; Utah Const, art VII, § 12; Wyo. Const, art. IV, § 5.