**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 6, 2007**

**TENTH CIRCUIT**

_____

BRIAN L. BROWN,

     Petitioner - Appellant,

v.

WARDEN, Warden, USP-Florence,

    Respondent - Appellee.

No. 06-3154
(D. Kansas)
(D.Ct. No. 06-cv-3069-RDR)

_____

**ORDER DISMISSING APPEAL**

_____

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Brian L. Brown is a prisoner incarcerated in the United States Penitentiary in Florence, Colorado. On March 6, 2006, he filed a *pro se* petition seeking a "Writ of Assistance for [a] Writ of Habeas Corpus Ad Testificandum" pursuant to 28 U.S.C. §§ 1651 and 2241 in the United States District Court for the District of Kansas. He requested a court order requiring federal prison officials to transport him to appear in Kansas state court on May 18-19, 2006, concerning the

termination of Brown's parental rights. *See In interests of Alysa Frakes*, Brown County District Court, No. 04-JC-6.[1] On March 28, 2006, the district court granted Brown leave to proceed *in forma pauperis* and dismissed the action without prejudice. The district court determined he was not entitled to a writ of habeas corpus ad testificandum or a writ of mandamus concerning any federal officials in his state civil matter pursuant to §§ 1651 and 2241, and further held the court's mandamus authority did not extend to state officials.

Brown then filed a Motion for Reconsideration on April 14, 2006, which the district court considered under Rule 60(b) of the Federal Rules of Civil Procedure, reiterating his arguments.[2] The district court denied the motion and Brown appealed on May 22, 2006, and then filed a "Motion for Stay Pending Review 'Emergency,'" on May 23, 2006. Noting the date of the state hearing had passed, we issued an order requiring Brown to show cause in writing by July 14, 2006, why his appeal should not be dismissed as moot. We received his response on August 21, 2006 but the certificate of service indicated it was placed in the

---

[1] Brown claims his presence was required to argue the transfer of custody should be to his relatives, but he failed to present any evidence that he utilized the numerous procedural safeguards afforded by Kansas law to achieve his goals. *See* KAN. STAT. ANN. § 38-1582(d) (appointment of an attorney for any parent who fails to appear), § 38-1553 (stipulations), § 38-1559 (notice), § 38-1584 (preference for placement with willing relatives upon termination of parental rights), and § 38-1591 (appeal).

[2] A Motion for Reconsideration filed more than ten days after entry of judgment is generally construed as a motion for relief under Rule 60(b). *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000).

mail system of July 11,2006. The postmark was dated August 15, 2006. We then ordered Brown to explain the discrepancy and if he attributed the delay to prison authorities, to file a grievance and submit copies of the grievance with his response. Although Brown was ordered to respond by October 27, 2006, we did not receive his reply until October 31, 2006. Brown's submission, however, contained sufficient justification for the delay in both his initial tardiness and the lateness of his current filing . Brown also asked for an extension of time to receive and file the administrative resolution of his grievance. The submission of the ultimate resolution is not necessary, as we will consider his response to our initial Order to Show Cause.

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Hain v. Mullin*, 327 F.3d 1177, 1180 (10th Cir. 2003) (quotations omitted). Brown's reply concedes the hearing was held on June 6, 2006. Brown's only argument is that "a motion for a new hearing is being filed in this matter." (Response at 2.) Brown does not allege the motion was actually filed nor does he mention further matters pending in this case in his later pleading. Under the circumstances presented here, Brown can no longer benefit from a ruling in his favor. *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990) (noting that the party seeking relief "must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision"); *Aragon v. Shanks*, 144 F.3d 690, 692 (10th Cir. 1998)

(concluding case was moot because a favorable decision would not shorten petitioner's probation period). Brown's lack of response to our Order to Show Cause waives any argument that his claim remains "live" either because an injury will be redressed by a favorable decision or his case falls within the "'capable of repetition, yet evading review' exception to the mootness doctrine." *Hain*, 327 F.3d at 1180 ("[F]or this exception to apply, two prerequisites must be satisfied: (1) the duration of the challenged action must be too short to be fully litigated prior to its cessation or expiration; and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again.").

This action is moot. The appeal is DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge