Chief Justice Roberts,
concurring in the judgment.
I agree with much of the Court’s opinion. Title 18 U. S. C. § 3599(a)(2) entitles indigent federal habeas petitioners to appointed counsel “in accordance with” subsection (e). Subsection (e) specifies that the appointed counsel “shall represent the defendant throughout every subsequent stage of available judicial proceedings . . . and shall also represent the defendant in such ... proceedings for executive or other clemency as may be available to the defendant.” Nothing in the text of § 3599(e) excludes proceedings for available state clemency, and, as the Court points out, there are good reasons to expect federal habeas counsel to carry on through state clemency proceedings. See ante, at 192-193 and this page.
*195 At the same time, the “plain language of § 8599,” ante, at 188, does not fully resolve this case. The obligation in subsection (e) that the appointed counsel represent the defendant in “every subsequent stage of available judicial proceedings” is not on its face limited to “federal” proceedings, just as there is no such limitation with respect to clemency. Yet it is highly unlikely that Congress intended federal habeas petitioners to keep their federal counsel during subsequent state judicial proceedings. See Hain v. Mullin, 436 F. 3d 1168, 1178 (CA10 2006) (Briscoe, J., dissenting) (“[I]t cannot seriously be suggested that Congress intended, in the event a state capital prisoner obtains federal habeas relief and is granted a new trial, to provide federally-funded counsel to represent that prisoner in the ensuing state trial, appellate, and post-conviction proceedings . . . ”). Harbison concedes as much. Reply Brief for Petitioner 11-12; Tr. of Oral Arg. 5-6,15.
If there were no way to read the words of the statute to avoid this problematic result, I might be forced to accept the Government’s invitation to insert the word “federal” into § 3599(e) — a limitation that would have to apply to clemency as well. But fortunately the best reading of the statute avoids the problem: Section 3599(e)’s reference to “subsequent stage[s] of available judicial proceedings” does not include state judicial proceedings after federal habeas, because those are more properly regarded as new judicial proceedings.
The meaning of that phrase is not entirely plain, but it is plain that not every lawsuit involving an inmate that arises after the federal habeas proceeding is included. Surely “subsequent stage[s]” do not include, for example, a challenge to prison conditions or a suit for divorce in state court, even if these available judicial proceedings occur subsequent to federal habeas. That must be because these are new proceedings rather than “subsequent stage[s]” of the proceed *196 ings for which federal counsel is available. Once it is acknowledged that Congress has drawn a line at some point, this is the “best reading” of the statutory language. Post, at 198 (Thomas, J., concurring in judgment).
Justice Thomas does not disagree. Instead, he contends that it is not necessary to decide what the first part of the sentence means in deciding what the second part means. Post, at 199. We have said that “[w]e do not . . . construe statutory phrases in isolation; we read statutes as a whole.” United States v. Morton, 467 U. S. 822, 828 (1984). This certainly applies to reading sentences as a whole.
I entirely agree with Justice Thomas that “Congress’ intent is found in the words it has chosen to use,” and that “[o]ur task is to apply the text, not to improve upon it,” even if that produces “very bad policy.” Post, at 198-199 (internal quotation marks omitted). Here, we need only apply the text of § 3599 to conclude that federal counsel is available for state clemency, but not for subsequent state-court litigation. I therefore concur in the result.