No. 02–165. BORGNER ET AL. *v.* FLORIDA BOARD OF DEN-
TISTRY ET AL. C. A. 11th Cir. Certiorari denied. 

JUSTICE THOMAS, with whom JUSTICE GINSBURG joins,
dissenting.

This case presents an excellent opportunity to clarify some oft-
recurring issues in the First Amendment treatment of commercial
speech and to provide lower courts with guidance on the subject
of state-mandated disclaimers. I would vote to grant the writ
of certiorari.

I

Borgner is a Florida-licensed dentist who practices general den-
tistry with an emphasis on implants. In light of his specialty,
Dr. Borgner advertises himself as a member of the American
Academy of Implant Dentistry (AAID), a fellow of the AAID, and
a Diplomate of the AAID's certifying board, the American Board
of Oral Implantology/Implant Dentistry. The AAID is a national
dental organization whose members may earn credentials in the
field of implant dentistry. The organization's primary purpose is
the enhancement of its members' knowledge, skill, and expertise
in that field. Implant dentistry and organizations focusing on this
specialty, however, are not recognized by the American Dental
Association (ADA) or the Florida Board of Dentistry (Board).

The current version of § 466.0282 of the Florida Statutes allows
Florida-licensed dentists to advertise a specialty practice or ac-
creditation by a bona fide certifying organization other than the
ADA or the Board, but requires that the advertisement disclose
that the indicated specialty or certifying organization is not state
approved. Thus, Dr. Borgner may advertise a "practice empha-
sis" in implant dentistry, but must include the following state-
prescribed proviso in any such advertisement, be it a business
card, yellow pages ad, or his letterhead:

> "'[IMPLANT DENTISTRY] IS NOT RECOGNIZED AS
> A SPECIALTY AREA BY THE AMERICAN DENTAL
> ASSOCIATION OR THE FLORIDA BOARD OF DEN-
> TISTRY.'" Fla. Stat. Ann. § 466.0282(3) (2001).

Likewise, if Dr. Borgner wishes to "acknowledge or otherwise reference" his AAID credentials in the announcement, he must add a second disclaimer:

> "'[THE AMERICAN ACADEMY OF IMPLANT DENTISTRY] IS NOT RECOGNIZED AS A BONA FIDE SPECIALTY ACCREDITING ORGANIZATION BY THE AMERICAN DENTAL ASSOCIATION OR THE FLORIDA BOARD OF DENTISTRY.'" *Ibid.*

Dr. Borgner brought an action challenging the statute on First Amendment grounds, and the District Court granted summary judgment in his favor. The Court of Appeals for the Eleventh Circuit reversed, applying the test of *Central Hudson Gas & Elec. Corp.* v. *Public Serv. Comm'n of N. Y.*, 447 U. S. 557 (1980). *Borgner* v. *Brooks*, 284 F. 3d 1204 (2002). Noting that the speech in question concerns lawful activity and that the Board concedes that the speech is only potentially, not inherently, misleading, the court held that the State has a valid and substantial interest in regulating the dental profession, ensuring that consumers are not misled by ads, and protecting citizens from unqualified and incompetent dentists. The court also held that the State demonstrated, by introducing into evidence the results of two telephone surveys, that the harms it recites are real and that the restriction will in fact alleviate those harms to a material degree. Finally, the court found the disclaimer requirements to be no more extensive than necessary to protect citizens from unqualified and incompetent dentists, and to establish standards and uniform criteria for dentist certification.

## II

Dr. Borgner seeks certiorari, making two compelling claims: that the decision below is inconsistent with our jurisprudence in this area and that the lower courts need guidance on the permissibility and scope of state-mandated disclaimers.

Specifically, Dr. Borgner, and the dissent below, raise serious questions about the validity of the surveys on which the Eleventh Circuit relied, and, hence, about their sufficiency for the purposes of the third prong of the *Central Hudson* test. Dr. Borgner also raises doubts about whether the Eleventh Circuit's conclusion is consistent with *Ibanez* v. *Florida Dept. of Business and Professional Regulation, Bd. of Accountancy*, 512 U. S. 136 (1994), where, in holding that the respondent's decision censuring an at-

torney for advertising her accounting credentials violated the First Amendment, we relied on the absence of evidence of consumer confusion and on the fact that consumers were able to verify the petitioner's credentials.

Even if the problem that these surveys purport to identify exists, it is unclear whether forcing upon dentists a government-scripted disclaimer is an appropriate response. *Zauderer* v. *Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U. S. 626 (1985), which upheld the requirement for a disclaimer in the context of advertising about contingency fees, is not very helpful to the Board. This is so because the advertisement in *Zauderer* was misleading as written and because the government did not mandate any particular form, let alone the exact words, of the disclaimer.

Here, not only does the State force a specific disclaimer on Dr. Borgner, but the "detail required in the disclaimer . . . effectively rules out notation of the [AAID] designation on a business card or letterhead, or in a yellow pages listing," *Ibanez, supra,* at 146–147. If that is the case, the State may be unable to satisfy the fourth prong of *Central Hudson,* which requires that the regulation be no more extensive than necessary to serve the proffered governmental interest.

Another troubling aspect of this case is that the mandated disclaimer is likely to foster *more* confusion. As Judge Hill observed, a consumer, upon reading that AAID is "'NOT'" a "'BONA FIDE'" specialty, "may well conclude that the AAID is a bogus organization or diploma mill—neither of which conclusions is justified." 284 F. 3d, at 1219 (dissenting opinion). If the disclaimer creates confusion, rather than eliminating it, the only possible constitutional justification for this speech regulation is defeated.

Our decisions have not presumptively endorsed government-scripted disclaimers or sufficiently clarified the nature and the quality of the evidence a State must present to show that the challenged legislation directly advances the governmental interest asserted. In my judgment, this case warrants review. Although disclaimers across industries and States are not likely to be exact replicas of one another, our resolution of this case can provide needed guidance on this important issue.

Accordingly, I respectfully dissent from the denial of certiorari.