*255 Justice Thomas,
concurring in part and concurring in the judgment.
I concur in the judgment and join all but Part III-C of the Court’s opinion. I agree with the Court that 11 U. S. C. §528’s advertising disclosure requirements survive First Amendment scrutiny on the record before us. I write separately because different reasons lead me to that conclusion.
I have never been persuaded that there is any basis in the First Amendment for the relaxed scrutiny this Court applies to laws that suppress nonmisleading commercial speech. See H Liquormart, Inc. v. Rhode Island, 517 U. S. 484, 522-523 (1996) (opinion concurring in part and concurring in judgment) (discussing Central Hudson Gas & Elec. Corp. v. Public Serv. Comm’n of N. Y., 447 U. S. 557 (1980)). In this case, the Court applies a still lower standard of scrutiny to review a law that compels the disclosure of commercial speech — i. e., the rule articulated in Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio, 471 U. S. 626 (1985), that laws that require the disclosure of factual information in commercial advertising may be upheld so long as they are “reasonably related” to the government’s interest in preventing consumer deception, id., at 651.
I am skeptical of the premise on which Zauderer rests— that, in the commercial-speech context, “the First Amendment interests implicated by disclosure requirements are substantially weaker than those at stake when speech is actually suppressed,” id., at 652, n. 14; see id., at 650 (citing “material differences between disclosure requirements and outright prohibitions on speech”). We have refused in other contexts to attach any “constitutional significance” to the difference between regulations that eompel protected speech and regulations that restrict it. See, e. g., Riley v. National Federation of Blind of N. C., Inc., 487 U. S. 781, 796-797 (1988). I see no reason why that difference should acquire constitutional significance merely because the regulations at issue involve commercial speech. See Glickman *256 v. Wileman Brothers & Elliott, Inc., 521 U. S. 457, 480-481 (1997) (Souter, J., dissenting) (arguing that “commercial speech is . . . subject to [this] First Amendment principle: that compelling cognizable speech officially is just as suspect as suppressing it, and is typically subject to the same level of scrutiny”); id., at 504 (Thomas, J., dissenting); cf. United States v. United Foods, Inc., 533 U. S. 405, 419 (2001) (Thomas, J., concurring) (stating that regulations that compel funding for commercial advertising “must be subjected to the most stringent First Amendment scrutiny”).
Accordingly, I would be willing to reexamine Zauderer and its progeny in an appropriate case to determine whether these precedents provide sufficient First Amendment protection against government-mandated disclosures.[1] Because no party asks us to do so here, however, I agree with the Court that the Zauderer standard governs our review of the challenge to § 528 brought by the Milavetz law firm and the other plaintiffs in this action (hereinafter Milavetz).
Yet even under Zauderer, we “have not presumptively endorsed” laws requiring the use of “government-scripted dis *257 claimers” in commercial advertising. See Borgner v. Florida Bd. of Dentistry, 537 U. S. 1080, 1082 (2002) (Thomas, J., dissenting from denial of certiorari). Zauderer upheld the imposition of sanctions against an attorney under a rule of professional conduct that required advertisements for contingency-fee services to disclose that losing clients might be responsible for litigation fees and costs. See 471 U. S., at 650-653. Importantly, however, Zauderer’s advertisement was found to be misleading on its face, and the regulation in that case did not mandate the specific form or text of the disclosure. Ibid. Thus, Zauderer does not stand for the proposition that the government can constitutionally compel the use of a scripted disclaimer in any circumstance in which its interest in preventing consumer deception might plausibly be at stake. In other words, a bare assertion by the government that a disclosure requirement is “intended” to prevent consumer deception, standing alone, is not sufficient to uphold the requirement as applied to all speech that falls within its sweep. See ante, at 250.
Instead, our precedents make clear that regulations aimed at false or misleading advertisements are permissible only where “the particular advertising is inherently likely to deceive or where the record indicates that a particular form or method of advertising has in fact been deceptive.” In re R. M. J., 455 U. S. 191, 202 (1982) (emphasis added); see Zauderer, supra, at 651 (“recognizing] that unjustified or unduly burdensome disclosure requirements might offend the First Amendment”). Therefore, a disclosure requirement passes constitutional muster only to the extent that it is aimed at advertisements that, by their nature, possess these traits. See R. M. J., supra, at 202; Ibanez v. Florida Dept. of Business and Professional Regulation, Bd. of Accountancy, 512 U. S. 136, 143, 146-147 (1994).
I do not read the Court’s opinion to hold otherwise. See ante, at 250. Accordingly, and with that understanding, *258 I turn to the question whether Milavetz’s challenge to § 528’s disclosure requirements survives Zauderer scrutiny on the record before us.
As the Court notes, the posture of Milavetz’s challenge inhibits our review of its First Amendment claim. See ante, at 249, n. 7. Milavetz challenged § 528’s constitutionality before the statute had ever been enforced against any of the firm's advertisements. Although Milavetz purports to challenge §528 only “‘as-applied’” to its own advertising, see ante, at 248-249, it did not introduce any evidence or exhibits to substantiate its claim. Thus, no court has seen a sampling of Milavetz’s advertisements or even a declaration describing their contents and the media through which Milavetz seeks to transmit them. As a consequence, Milavetz’s nominal “as-applied” challenge appears strikingly similar to a facial challenge.
We generally disapprove of such challenges because they “often rest on speculation” and require courts to engage in “‘premature interpretation of statutes on the basis of factually barebones records.’ ” Washington State Grange v. Washington State Republican Party, 552 U. S. 442, 450 (2008) (quoting Sabri v. United States, 541 U. S. 600, 609 (2004)). Milavetz’s claim invites the same problems. Milavetz alleges that § 528’s disclosure requirements are unconstitutional as applied to its advertisements because its advertisements are not misleading and because the disclaimer required by §528 will create, rather than reduce, confusion for Milavetz’s potential clients. That may well be true. But because no record evidence of Milavetz’s advertisements exists to guide our review, we can only speculate about the ways in which the statute might be applied to Milavetz’s speech.
When forced to determine the constitutionality of a statute based solely on such conjecture, we will uphold the law if there is any “conceivable]” manner in which it can be enforced consistent with the First Amendment. Washington *259 State Grange, supra, at 456. In this ease, both parties agree that §528’s disclosure requirements cover, at a minimum, deceptive advertisements that promise to ‘“wipe out’” debts without mentioning bankruptcy as the means of accomplishing this goal.[2] Brief for Milavetz 82, 86; Brief for United States 60-62. As a result, there is at least one set of facts on which the statute could be constitutionally applied. Thus, I agree with the Court that Milavetz’s challenge to § 528 must fail.

 I have no quarrel with the principle that advertisements that are false or misleading, or that propose an illegal transaction, may be proscribed. See 44 Liquormart, Inc. v. Rhode Island, 517 U. S. 484, 520 (1996) (opinion concurring in part and concurring in judgment). Furthermore, I acknowledge this Court’s longstanding assumption that a consumer-fraud regulation that compels the disclosure of certain factual information in advertisements may intrude less significantly on First Amendment interests than an outright prohibition on all advertisements that have the potential to mislead. See, e. g., Virginia Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U. S. 748, 771-772 (1976); Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio, 471 U. S. 626, 651-652, n. 14 (1985); Riley v. National Federation of Blind of N. C., Inc., 487 U. S. 781, 796, n. 9 (1988); Central Hudson Gas & Elec. Corp. v. Public Serv. Comm’n of N. Y., 447 U. S. 557, 565 (1980). But even if that assumption is correct, I doubt that it justifies an entirely different standard of review for regulations that compel, rather than suppress, commercial speech.

 At oral argument, Milavetz’s counsel declined to describe Milavetz’s challenge to § 528 as a facial overbreadth daim, Tr. of Oral Arg. 25-26, and Milavetz’s briefs make no such contention. But even viewing Milavetz’s argument as a claim that §528 is fadally overbroad because it applies to nonmisleading advertisements for bankruptcy-related services, such an argument must fail. First, as noted, Milavetz acknowledges that §528 can be constitutionally applied to deceptive bankruptcy-related advertisements and, thus, at least one “set of circumstances exists under which [§ 528] would be valid.” United States v. Salerno, 481 U. S. 739, 745 (1987). Second, Milavetz does not attempt to argue that § 528’s unconstitutional applications are “substantial” in number when judged in relation to this “plainly legitimate sweep.” Washington State Grange v. Washington State Republican Party, 552 U. S. 442, 449-450, and n. 6 (2008) (internal quotation marks omitted).