The application for stay of execution of sentence of death presented to Justice SCALIA and by him referred to the Court is denied. The petition for writ of certiorari is denied.
Statement of Justice SOTOMAYOR, respecting the application for stay of execution and denial of certiorari.
A federal statute entitles defendants sentenced to death to court-appointed counsel during "all available post-conviction process." 18 U.S.C. § 3599(e). This statute requires counsel to "represent the defendant in ... proceedings for executive or other clemency as may be available to the defendant." Ibid. ; see Harbison v. Bell , 556 U.S. 180, 185-186, 129 S.Ct. 1481, 173 L.Ed.2d 347 (2009). Pursuant to § 3599, Raphael Holiday asked his court-appointed counsel-Seth Kretzer and James Volberding-to petition the State of Texas for clemency. App. to Pet. for Cert. 5a. His attorneys declined, however, because of their belief that there was "no chance at all that a clemency petition would be granted." Id. , at 11a (internal quotation marks omitted).
Holiday asked a Federal District Court to appoint a new attorney who would file his petition for clemency. The court denied his request. The court recognized that § 3599 compelled it to appoint new counsel if "the interests of justice" require. Ibid. (quoting Martel v. Clair , 565 U.S. ----, ----, 132 S.Ct. 1276, 1284, 182 L.Ed.2d 135 (2012) ); (internal quotation marks omitted). But given the "representations" of Holiday's attorneys, the court found new counsel unwarranted. App. to Pet. for Cert. 11a.
This denial was an abuse of discretion. When Congress authorized federally funded counsel to represent clients in clemency proceedings, it plainly "did not want condemned men and women to be abandoned by their counsel at the last moment and left to navigate the sometimes labyrinthine clemency process from their jail cells." Harbison , 556 U.S., at 194, 129 S.Ct. 1481 (quoting Hain v. Mullin , 436 F.3d 1168, 1175 (C.A.10 2006) (en banc); internal quotation marks omitted). Yet this is exactly what happened here. Although the "interests of justice' standard contemplates a peculiarly context-specific inquiry," Martel , 565 U.S., at ----, 132 S.Ct., at 1287, it surely precludes a court from rejecting a substitution motion solely because it agrees with the appointed attorneys' premonitions about clemency.
Executive clemency is fundamentally unpredictable. Clemency officials typically have "complete discretion" to commute a defendant's sentence based on "a wide range of factors not comprehended by earlier judicial proceedings and sentencing determinations." Ohio Adult Parole Authority v. Woodard , 523 U.S. 272, 278, 281, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (principal opinion); see Tex. Const., Art. IV,§ 11; Tex. Code Crim. Proc. Ann., Art. 48.01 (Vernon Supp. 2014). By granting death-eligible defendants an attorney, "Congress ensured that no prisoner would be put to death without meaningful access to th[is] ' "fail safe" ' of our justice system." Harbison , 556 U.S., at 194, 129 S.Ct. 1481 (quoting Herrera v. Collins , 506 U.S. 390, 415, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) ). So long as clemency proceedings were "available" to Holiday, § 3599(e), the *388 interests of justice required the appointment of attorneys who would represent him in that process. Cf. Christeson v. Roper , 574 U.S. ----, ----, 135 S.Ct. 891, 895, 190 L.Ed.2d 763 (2015) (per curiam ) (reversing the denial of a substitution motion under § 3599 despite the "host of procedural obstacles" confronting the petitioner's claims). The District Court's denial did not adequately account for Holiday's statutory right.
Despite the District Court's error, I reluctantly join the Court's decision to deny Holiday's petition for certiorari. After the court rejected Holiday's request for new counsel, his original attorneys eventually submitted a clemency application on his behalf. This application proved unsuccessful-and likely would have benefited from additional preparation by more zealous advocates. Yet this Court, unlike a state court, is likely to have no power to order Texas to reconsider its clemency decision with new attorneys representing Holiday.