

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-84,212-01

### IN RE STATE OF TEXAS EX REL. BRIAN RISINGER, Relator

### ORDER TO APPEAR AND SHOW CAUSE FOR UNTIMELY FILED
### DOCUMENT IN RAPHAEL DEON HOLIDAY'S CASES
### FROM CAUSE NOS. 10,423, 10,425, and 10,427
### IN THE 278TH JUDICIAL DISTRICT COURT
### MADISON COUNTY

*Per curiam*. NEWELL, J., filed a concurring statement. ALCALA, J., filed a dissenting statement.

### O R D E R

In June 2002, a jury convicted Raphael Deon Holiday of three capital murders.[1] The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set Holiday's punishment at death in each

---

[1] The State charged Holiday in three separate indictments, each of which alleged the capital murder of a different individual. The cases were tried together, but the jury received a separate charge for each case, and the trial court entered three separate judgments and sentences.

case.[2]  This Court affirmed Holiday's convictions and sentences on direct appeal. *Holiday v. State*, Nos. AP-74,446, AP-74,447, and AP-74,448 (Tex. Crim. App. Feb. 8, 2006)(not designated for publication).  The Court also denied relief on Holiday's initial applications for writs of habeas corpus.[3]  *Ex parte Holiday*, Nos. WR-73,623-01, WR-73,623-02, and WR-73,623-03 (Tex. Crim. App. May 5, 2010)(not designated for publication).

After Holiday was denied federal habeas relief, the trial court held a hearing on August 14, 2015, to set Holiday's execution date.  Trial and appellate counsel Frank Blazek and William Carter attended the hearing, as did federal-court-appointed counsel Seth Kretzer. The trial court set Holiday's execution for Wednesday, November 18, 2015.

In a letter dated September 10, 2015, Holiday asked the federal district court whether any motions had been filed on his behalf by Kretzer or Holiday's other federally-appointed counsel James Volberding.  Holiday intimated that he thought counsel had abandoned him. Kretzer responded with a letter to the court stating that he and Volberding still represented Holiday and that they had interviewed a potential witness about a possible claim for a successor state writ, but the information they obtained was insufficient.  Holiday then wrote again to the federal district court stating that Kretzer and Volberding had indicated that they did not believe that there were any further claims they could file on his behalf.  Holiday,

---

[2]  References to Articles refer to the Texas Code of Criminal Procedure unless otherwise noted.

[3]  Attorney Alex Calhoun was counsel appointed to represent Holiday on his initial state writs of habeas corpus.

therefore, asked the district court to appoint new counsel. Kretzer responded to Holiday's request by setting out some of the work he and Volberding had done on Holiday's behalf and noting that he, Blazek, and Carter had visited with Holiday for nearly two hours after the August hearing. Based upon Kretzer's representations, the federal court denied Holiday's *pro se* request for new counsel.

On October 21, 2015, another lawyer, Gretchen Sims Sween, appealed the denial of the appointment of new counsel and filed a motion to stay Holiday's execution. Kretzer and Volberding responded by filing a motion to substitute Sween as Holiday's counsel or, alternatively, to allow them to withdraw as counsel. However, because Kretzer identified no defect in the relationship with Holiday, because Sween wanted to limit her involvement in the case to the appeal of the denial order, and because no one had named another attorney willing to represent Holiday for all purposes, the federal court denied the motion to substitute counsel. The court subsequently denied a motion for reconsideration, and Sween filed an amended notice of appeal on October 26.

On November 10, 2015, Kretzer and Sween both represented to this Court that they did not intend to file any pleadings in state court on Holiday's behalf before his November 18, 2015, scheduled execution. On November 12, the Fifth Circuit affirmed the district court's orders denying the motion for the appointment of new counsel, denied Holiday's motion for a stay of execution, denied Kretzer's and Volberding's motion to dismiss the appeal as frivolous, and denied Sween's motion to strike Kretzer's and Volberding's

appearances. The Court further "warn[ed] the attorney here [Sween] that subsequent attempts in this case to displace counsel will be viewed with skepticism." *Holiday v. Stephens*, No. 15-70035 (5th Cir. Nov. 12, 2015). On November 16, 2015, the Board of Pardons and Parole voted not to recommend reprieve or commutation in Holiday's case, and the United States Supreme Court denied certiorari in the attorney appointment matter two days later.[4] *Holiday v. Stephens*, No. 15-6956 (U.S. Nov. 18, 2015).

On the day of the execution, this Court received word that trial counsel would file some pleading in the state trial court to stop the execution. Around 11:00 a.m., trial counsel Blazek and Carter filed in the trial court a motion to withdraw or modify the execution date. The trial court set the matter for a 1:00 p.m. hearing. Shortly after 2:00 p.m., the trial court withdrew the execution date. The State immediately advised this Court that it would challenge the ruling. Shortly after 4:00 p.m., the State filed in this Court a motion for leave to file a writ of mandamus.

This Court's Miscellaneous Rule 11-003 provides in pertinent part:

A motion for stay of execution, or any other pleading relating to a death sentence, must be filed in the proper court at least seven days before the date of the scheduled execution date (exclusive of the scheduled execution date). A pleading shall be deemed untimely if it is filed in the proper court fewer than seven days before the scheduled execution date.

\* \* \*

Counsel who seek to file an untimely motion for a stay of execution or who wish to file any other untimely pleading requesting affirmative relief in an impending execution case, must attach to the proposed filing a detailed explanation stating under oath, subject to the penalties of perjury, the reason

---

[4] Kretzer and Volberding filed a request for clemency.

for the delay and why counsel found it physically, legally, or factually impossible to file a timely request, motion, or other pleading. Counsel is required to show good cause for the untimely filing.

\* \* \*

Counsel who fails to attach a sworn detailed explanation to an untimely filing or who fails to adequately justify the necessity for an untimely filing shall be sanctioned.

Pleadings filed on the day of an execution are clearly untimely under this rule. Thus, all parties in this case filed Miscellaneous Rule 11-003 statements with their pleadings.

We find that the State filed its pleadings in direct response to the execution-day pleadings filed by Blazek and Carter. Consequently, we find good cause for the State's untimely filing. But we cannot say the same for the pleadings filed by Blazek and Carter. In the Miscellaneous Rule 11-003 statement filed by Blazek, Blazek stated that he represented Holiday at trial and on direct appeal and that he was contacted from time to time by Holiday's "writ attorneys" for information about his representation.[5] Blazek noted that he was present at the hearing in which the trial court set Holiday's execution date and that he visited with Kretzer and Holiday. Blazek further noted that Kretzer said they would do everything they could to save Holiday's life, but they did not think anything else could be done. Blazek stated that Holiday told him that "he wanted everything to be done to save his life."

Blazek noted that, on November 12 or 13, he learned that the Fifth Circuit had affirmed the federal district court's order denying Holiday's motion for the appointment of

---

[5] It is unclear whether Blazek is referring to Volberding and Kretzer, Calhoun, or someone else.

new counsel. Blazek stated that he emailed Sween, thanked her for her efforts, and mentioned his thoughts that expert testimony admitted during Holiday's trial might not be admissible today. Blazek stated that on November 17, 2015, he was contacted by attorney Dick Burr who advised him that the trial court might have the authority to withdraw the execution date. According to Blazek, Burr indicated that he had spoken to Holiday and that Holiday wanted such relief pursued. Nowhere in his statement does Blazek explain why he found it "physically, legally, or factually impossible to file a timely request, motion, or other pleading."

Carter's Rule 11-003 statement is equally devoid of explanation. In his statement, Carter noted that he represented Holiday at trial and on appeal. He stated that he was present in the courtroom when the trial judge set Holiday's execution date and that, when he visited with Holiday, Holiday "told [him] he wanted everything to be done to save his life." Carter stated that, on the morning of November 18, 2015, he learned that Blazek was filing a motion to withdraw the execution date, and he requested to join him in that motion. Carter signed the motion and filed it the same date. Nothing in Carter's statement explains why he found it "physically, legally, or factually impossible to file a timely request, motion, or other pleading."

Before we take any action pursuant to Miscellaneous Rule 11-003, we want to hear from counsel in person. Therefore, we order Frank Blazek and William F. Carter to appear before this Court at 9:00 a.m. on Wednesday, January 13, 2016, to offer further explanation

and address any questions propounded by the Court about the matter.

It is further ordered by this Court that the Clerk of this Court shall issue Notice to Appear and Show Cause commanding Frank Blazek and William F. Carter to appear and show cause, in the manner and within the time specified in this order, why counsel should not be sanctioned by this Court for failing to adequately justify the untimely filings. A copy of this Order shall accompany the Notice.

IT IS SO ORDERED THIS THE 16th DAY OF DECEMBER, 2015.

Publish



# THE STATE OF TEXAS

## NOTICE TO APPEAR AND SHOW CAUSE

TO: Frank Blazek and William F. Carter;

**GREETINGS:**

**WHEREAS**, the Court of Criminal Appeals on December 16, 2015, made and entered the order to appear and show cause. A correct and complete copy of the Order is attached to this Notice and fully incorporated for all purposes.

**NOW, THEREFORE,** Frank Blazek and William F. Carter are hereby commanded to appear and show cause, in the manner and within the period specified in the Order of December 16, 2015, why counsel should not be sanctioned by the Court of Criminal Appeals for failing to adequately justify the untimely filings.

**WITNESS MY HAND** and Seal of the Court of Criminal Appeals, at the City of Austin, Texas, on this 16ᵗʰ day of December, 2015.

ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
STATE OF TEXAS



TO: The Sheriff of any County or any Constable of any County, Texas Ranger, Texas Highway Patrolman, or any Peace Officer within the State of Texas.

**GREETINGS:**

**YOU ARE HEREBY COMMANDED** that you serve upon Frank Blazek of Walker County and William F. Carter of Walker County the accompanying **ORDER TO APPEAR AND SHOW CAUSE** issued from the Court of Criminal Appeals of the State of Texas on December 16, 2015.

**HEREIN FAIL NOT,** but of this writ and notice made due return, under the penalty prescribed by law, with your endorsement showing how you executed the same.

**WITNESS MY HAND** and Seal of the Court of Criminal Appeals of the State of Texas affixed at the City of Austin, Texas, on this the 16th day of December, 2015.

ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
STATE OF TEXAS
P. O. BOX 12308, CAPITOL STATION
AUSTIN, TX 78711

# <u>OFFICER'S RETURN</u>

In re State of Texas ex rel. Brian Risinger

WR-84,212-01

    Came to hand on this the _____ day of _____, 20 _, at _____ o'clock, ____.M., and executed at Walker County, Texas, on the _____ day of _____, 20 _, by delivering to **Frank Blazek**, the original **ORDER TO APPEAR AND SHOW CAUSE** which accompanied this writ.

    To certify which witness my hand officially.


_____
(Signature)


_____
(Print or type name)


_____
(Title)

of Walker County, Texas

## OFFICER'S RETURN

In re State of Texas ex rel. Brian Risinger

WR-84,212-01

    Came to hand on this the _____ day of _____, 20 _, at _____ o'clock, ___.M., and executed at Walker County, Texas, on the _____ day of _____, 20 _, by delivering to **William F. Carter**, the original **ORDER TO APPEAR AND SHOW CAUSE** which accompanied this writ.

    To certify which witness my hand officially.

_____

(Signature)

_____

(Print or type name)

_____

(Title)

of Walker County, Texas